[No. 20725. In Bank. — August 13, 1890.]

## Ex parte PAUL WALPOLE, on Habeas Corpus.

Habeas Corpus — Commitment upon Re-examination — Complaint. — It is not ground for the discharge of a prisoner upon *habeas corpus* that he was committed upon a re-examination by the committing magistrate without the filing of a new complaint, nor that he was committed by the judge of the superior court upon a second re-examination, without a new complaint after the setting aside of an information in the superior court.

Id. — Error not Reviewable Collaterally — Motion — Appeal. — Error in the ruling of a committing magistrate, which is subject to review in the superior court, upon motion to set aside an information filed after the commitment, and then upon appeal, is not ground for discharging a prisoner upon *habeas corpus*.

Id. — Defective Commitment — Murder — Name of Deceased — Complaint and Deposition. — The failure of a commitment for murder to give the name of the person alleged to have been murdered is not a defect which entitles the prisoner to a discharge, if the order for commitment and commitment are otherwise full and regular, and the complaint and depositions showing the offense are duly filed, though not until a subsequent day. It is the complaint and depositions which furnish the information upon which future action is based.

Id. — Probable Cause for Commitment — Bail. — Where the petitioner, upon a writ of *habeas corpus*, seeks to be discharged, or admitted to bail, on the ground that the commitment was without probable cause, and it appears, from the evidence in the transcript of testimony given upon the examination, and filed with the clerk and presented in the supreme court, that there was probable ground to believe the defendant guilty of an offense punishable with death, the petitioner will be remanded.

Application to the Supreme Court for a discharge upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Spencer & Raker*, for Petitioner.

*J. H. Stewart*, District Attorney, for Respondent.

Fox, J. — The petitioner in this case, and one Washburn, were arrested upon a warrant based upon a complaint charging them with the crime of murder. They were regularly examined before a committing magistrate, and held to answer to the charge. In due time information was filed against them, and upon arraignment they

pleaded guilty. Washburn was sentenced to the state prison for life, but the petitioner was allowed to withdraw his plea, and upon proceedings subsequently had the information was set aside, and the court remanded the petitioner to the custody of the sheriff. Thereupon the judge of the superior court, acting as committing magistrate, again held an examination of the petitioner, and on the evidence adduced he was again held to answer. To this proceeding the petitioner objected, on the ground that the judge, acting as a committing magistrate, had no jurisdiction to hold such examination, for the reason that no complaint had been filed charging the defendant with the crime of murder, or any crime. This objection was based upon the proposition that the original complaint filed in the case was *functus officio*, and that a new examination could not be had without a new complaint; also on the ground that the superior court had not in terms ordered the case resubmitted to a grand jury, or that a new information be filed. The court overruled these objections, and proceeded with the examination. We do not think that there was error in this ruling, but if there was, it was subject to review, first in the superior court, upon motion to set aside any information that might be filed, and then upon appeal; but it is not ground for discharging the prisoner on *habeas corpus*.

Following this examination, an information was filed, which, upon motion, was again set aside, and the court again ordered "that the said Paul Walpole be held for further examination, and that he be examined by the judge of the superior court acting as magistrate," etc. In pursuance of this order, a further examination was had, at which the petitioner was represented by counsel, and the objection again taken that there was no complaint, etc., as before. The magistrate overruled the objection, and proceeded with the examination, resulting in an order of commitment for the crime of murder, committed on the twenty-second day of April, 1889, at

Willow Ranch, in the county of Modoc, state of California. To this point our answer is the same as before: if error, it is reviewable on motion and appeal, but not on *habeas corpus*.

A point is also made that the order of commitment is invalid, for that it fails to give the name of the person alleged to have been murdered. This is not a defect which entitles the prisoner to his discharge. The order for commitment is even more full than required by section 872 of the Penal Code, and the commitment is in the form prescribed by section 877 of the same code. It is the complaint and depositions which furnish the information upon which future action is based, and they were duly filed with the clerk, although not until a subsequent day.

The point is also made that the commitment is without probable cause, and upon this point the petitioner asks his discharge, or if not discharged, that he be admitted to bail.

The transcript of the testimony given upon the examination, and filed with the clerk, has been presented in this court. It shows, beyond all doubt, that a deliberate, cold-blooded murder was committed. This fact seems to be conceded. It would be improper for us to express an opinion as to whether or not the evidence submitted, without further testimony, is sufficient to convict this petitioner of having been a party to the commission of that offense; but the point having been here made, we are compelled to express an opinion as to whether or not it shows reasonable or probable ground to believe the defendant guilty, and are of opinion that it does. The petitioner is not therefore entitled to be discharged.

On the question of admission to bail, the offense charged is punishable with death, unless the jury fix it at imprisonment for life. The defendant, therefore, cannot be admitted to bail, if the proof of his guilt is

evident, or the presumption thereof great. (Pen. Code, sec. 1270.) So much of the evidence on the part of the prosecution as has been made public was heard by the committing magistrate, a judge of one of the superior courts of the state. He saw and heard the witnesses, — an advantage which we have not had. From the transcript of the evidence, as brought here, we cannot say that he was not correct in holding that it was not a bailable case.

Writ discharged, and prisoner remanded.

McFARLAND, J., WORKS, J., PATERSON, J., and BEATTY, C. J., concurred.