[Crim. No. 43.   Third Appellate District.—May 18, 1907.]

## Ex Parte ELMER FOWLER, on Habeas Corpus.

HABEAS CORPUS—CRIMINAL LAW—NEW INFORMATION—ERROR NOT RE-VIEWABLE.—Any error in the exercise of the jurisdiction of the superior court in allowing a new information to be filed, based upon a correction by the magistrate of his order of commitment, without a re-examination, after a first information has been set aside as not warranted by the commitment, or any irregularity in the action of the magistrate, affecting the substantial rights of the defendant, is not reviewable upon *habeas corpus,* and can furnish no ground for his discharge.

ID.—INFORMATION NOT BASED ON ORDER OF COMMITMENT—SETTING ASIDE.—An information upon a commitment which held the petitioner for an offense different from that charged in the information has no proper basis on which to rest. The district attorney was not authorized to file it, and it was properly set aside.

ID.—POWER OF SUPERIOR COURT—NEW INFORMATION—CORRECTION OF IRREGULARITY BY MAGISTRATE.—The superior court has power, upon setting aside an information because not charging the offense for which the prisoner has been committed, or because of any irregularity in the order of commitment, to order a new information to be filed, or to direct any irregularity in the order of commitment to be rectified by the magistrate, and a new information based thereon to be filed.

ID.—IRREGULARITY IN COMMITMENT—ASSAULT WITH INTENT TO MUR-DER—OMISSION OF WORDS—"MALICE AFORETHOUGHT."—Where it is clear that the magistrate intended to hold the defendant to answer for an assault with a deadly weapon with intent to commit murder, and the attempt was merely ineffectual for want of the technical words "with malice aforethought," necessary to the complete description of the crime, it appears that the omission amounts only to an irregularity, which it is within the power of the magistrate to correct, upon being ordered to do so by the superior court.

ID.—LAPSE OF THIRTY DAYS AFTER EXAMINATION—"GOOD CAUSE" FOR DELAY.—It seems that section 809 of the Penal Code requiring an information to be filed within thirty days after the order of commitment has no reference to a new information filed, upon a corrected order, after the original has been set aside; but if that section should be deemed applicable the conditions which gave rise to the necessity for the filing of the new information more than thirty days after the original order constitute "good cause" for the delay contemplated by section 1382 of the Penal Code.

ID.—RE-EXAMINATION NOT REQUIRED UPON CORRECTION OF COMMIT-. MENT.—Where the magistrate is directed by the court to correct an irregularity in the order of commitment after an information has been set aside, it is unnecessary for the magistrate to go into a re-examination of the charge in order to make the correction which would justify a new information upon the original charge.

APPLICATION for writ of *habeas corpus* to the sheriff of Merced County, to review criminal proceedings in the Superior Court. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Ben Berry, and B. F. Fowler, for Petitioner.

U. S. Webb, Attorney General, for Respondent.

HART, J.—Petitioner, who is held under restraint by the sheriff of Merced county, under an information charging him with the crime of assault with a deadly weapon with intent to commit murder, makes this application for his release from the custody of said sheriff, on *habeas corpus*.

On January 20, 1907, a complaint or deposition was filed in the justice court of township No. 3 of Merced county, charging the petitioner with the crime of assault with a deadly weapon. Upon an examination of the charge on the thirty-first day of January, 1907, the magistrate made and entered an order, obviously attempting to commit the petitioner for trial in the superior court for the offense of assault with a deadly weapon with intent to commit murder. On the fourteenth day of February, 1907, the district attorney of Merced county filed in the superior court an information charging petitioner with the crime for which the magistrate thus attempted to order him committed. Upon appearing in court for arraignment under said information, on the fourth day

of March, 1907, petitioner made a motion to set the same aside on the ground that prior to the filing thereof he had not been legally committed for the offense charged therein. On the following day the court made an order granting petitioner's motion by setting aside said information, and made the further order "that the Clerk of said court return all the papers to the committing magistrate for recommitment."

The order made by the magistrate and entered in his docket, committing petitioner for trial, reads as follows: "Whereupon the case being submitted, it is by the court ordered that Elmer Fowler be held to answer to the Superior Court upon a charge of assault with a deadly weapon with intent to commit murder, committed as follows: That said Elmer Fowler on or about the 20th day of January, 1907, at Los Banos, in said County of Merced, State of California, willfully, unlawfully and feloniously did assault one James Cowan, a human being, with a deadly weapon, to wit: a loaded pistol with intent to commit murder."

On the eighth day of March, 1907, the magistrate made the following entry in his docket: " . . . Received March, the 8th, 1907, from County Clerk of order of Superior Court directing of return of papers for recommitment." Thereafter and on the 13th day of March, 1907, the following order was entered in his docket by the magistrate: "March 13th, 1907. People v. Elmer Fowler. Wherefore, the papers being returned for recommitment, it appearing to me that the offense of assault with intent to commit murder has been committed as follows: That on or about the 19th day of January, A. D. 1907, Elmer Fowler did unlawfully, willfully, feloniously and with malice aforethought assault one James Cowan in the town of Los Banos, Merced County, State of California, with a deadly weapon, to wit: a loaded pistol, with intent then and there to kill and murder said James Cowan, and there is sufficient cause to believe the within Elmer Fowler guilty thereof, I order that he be held to answer to the same," etc. The same order in substance and effect was thereupon indorsed by the magistrate on the complaint filed with him on the twentieth day of January, 1907. The new or amended commitment, with the other "papers," having been by the magistrate returned to the clerk of the superior court, a new information was, on the twenty-first day of

March, 1907, filed in said court by the district attorney, charging petitioner with the crime of an assault with a deadly weapon with intent to commit murder. On the thirtieth day of March, 1907, upon his appearance for arraignment upon the charge alleged in said information, petitioner "moved said Superior Court to set aside the information upon the ground that prior to the filing thereof, he had not been legally committed for the offense charged in said information and upon the further ground that on the 13th day of March, 1907, the committing magistrate was without jurisdiction to make and enter the judgment and order holding the petitioner to answer before the Superior Court for trial for the offense therein indicated; that the indorsement of said judgment and order upon the complaint by the committing magistrate was void and the information based upon such indorsement was void." The court denied the motion. Upon the same day, and after the court refused to grant petitioner's motion to set aside the information, a motion was made by petitioner "to dismiss the prosecution of said charge upon the ground that the information had not been filed within thirty days from the time the preliminary examination was held and petitioner held to answer before the Superior Court of said County of Merced on the 31st day of January, 1907." This motion was denied by the court.

The petitioner thus presents two points or grounds upon which he claims to be entitled to his release: 1. "That the committing magistrate was without jurisdiction to make and enter his judgment and order on the 13th day of March, 1907, and hence the commitment based thereon is void." 2. That the said information was not filed in the superior court within thirty days after the petitioner had been examined and committed, as required by section 809 of the Penal Code.

It will be observed that the defect in the original commitment consisted in the failure of the magistrate to properly designate or describe the offense for which it was his evident intention to commit the petitioner. The complaint or deposition charged an assault with a deadly weapon, and the other depositions or testimony presumably developed, in the judgment of the magistrate, a case of assault with a deadly weapon with intent to commit murder. The magistrate entered an order in his docket, attempting to commit petitioner

for the last-mentioned assault, but omitted, in his description thereof, the words "with malice aforethought," which are indispensably essential to the description or charging of that offense. The district attorney, in the information based upon that order of commitment, charged the petitioner with the crime of an assault with a deadly weapon with intent to commit murder. The superior court, upon motion, set aside the information because it appeared that the petitioner had not been legally committed for the offense charged in said information, and ordered the clerk of said court to "return all the papers to the committing magistrate for recommitment." The course pursued by the court thus far was regular, if the order of commitment involved only an irregularity. The information, based upon a commitment which held petitioner for an offense different from that charged in such information, had no proper basis on which to rest, and the district attorney was not authorized to file it. (*People* v. *Thompson*, 84 Cal. 601, [24 Pac. 384]; Pen. Code, secs. 872, 997, 998.)

But it is contended that a new information should have been based upon the original order and in conformity thereto; that the court, having once made the order committing the petitioner for assault with a deadly weapon, which said order was entered in his docket, lost all further jurisdiction of the case, and could do nothing further with reference thereto than to correct some irregularity, if any existed, in such order of commitment; that the proceeding had by him with regard to the "papers returned for recommitment" involved not simply the correction of an irregularity or defect in the order of commitment, but constituted the making of an entirely new order, committing petitioner for an entirely different and distinct offense from that for which he was originally held. We are of opinion that this point presents a question which cannot be reviewed in this proceeding. (*Ex parte Nicholas on Habeas Corpus*, 91 Cal. 641, [28 Pac. 47].) The so-called new information charged the petitioner with an offense of which the superior court has jurisdiction, and it gave the court jurisdiction of the person of the petitioner, and the court therefore had jurisdiction, upon the motion to set aside the information, to hear and determine "whatever questions of law or fact were involved in the motion, and its decision, although it may be erroneous, is not *void*.

On the contrary, it is valid and binding until reversed on appeal." (*Ex parte Nicholas,* 91 Cal. 641, [28 Pac. 47]; *Ex parte Walpole,* 85 Cal. 362, [24 Pac. 657].) If there was any irregularity in the order of commitment by the magistrate affecting the substantial rights of petitioner, it was subject to review, first in the superior court, upon motion to set aside the information based upon such order of commitment, and then by this or the supreme court upon appeal; but it is not a ground for discharging the prisoner on *habeas corpus.* (*Ex parte Walpole,* 85 Cal. 362, [24 Pac. 657].) It is elementary that when a court has jurisdiction of the subject matter of the litigation and of the persons of the parties litigant, it has jurisdiction to make errors as well as to not make them. This is, of course, only putting in another form the rule that such errors are not reviewable in an extraordinary proceeding, or in a proceeding the sole purpose of which is to try the question of jurisdiction. In other words, jurisdiction is "the power to hear and determine," and when a court has once determined a proposition within its jurisdiction, such determination, whether right or wrong, is at an end and is conclusive until challenged, through some motion or in some other proper legal proceeding. It may, however, be suggested (though it need not be here decided) that it at least seems clear that the magistrate attempted to make an order committing the petitioner for the very offense for which he finally ordered him to be committed, and that the attempt was ineffectual only because of the omission in the order of certain technical words necessary to the description of the crime. It would at least appear to harmonize with common sense to hold that where the language of the order is such as to lead to no other rational conclusion than that the magistrate intended to commit the prisoner for a certain offense, but fails to do so merely because he has not described the same in the order of commitment with the technical nicety and precision which is required in stating the offense in an indictment or information, it amounts only to an irregularity which it is within the power and authority of the magistrate to correct upon being directed to do so by the superior court. We find nothing in any language used in *Ex parte Branigan,* 19 Cal. 133 et seq., in conflict with this suggestion. Of course, we are not to be understood as suggesting that a magistrate, after once committing an accused for a certain offense, may thereafter

change his order and commit him for another and distinct offense. Nor is there anything involved in our suggestions upon this point to be construed as a disapproval of the opinion in the case of *People* v. *Nogiri,* 142 Cal. 597, [76 Pac. 490]. On the contrary, we think that that case with great clearness straightened out certain propositions which had theretofore been misconceived and misunderstood, and expounded them in accordance with the real intention of the lawmakers. The opinion in that case is not, however, in point here, if the suggestion we have made that the omission in the order of commitment was but a mere irregularity be sound. If the suggestion is erroneous, then the Nogiri case would no doubt be an authority upon appeal, if the case ever reaches that point.

The second point urged is, we think, without substantial merit. The proposition involved in this point is whether or not there was failure on the part of the district attorney, in the matter of the filing of the information, to comply with the mandate of section 809 of the Penal Code. That section requires that an information shall be filed within thirty days after the examination and the order committing a defendant for trial in the superior court. It has been held that this provision is mandatory, and that default by the district attorney in filing an information within the time limit prescribed therein, unless good cause therefor be shown, forfeits his right as such officer to do so at all upon the commitment returned by the magistrate, and that the superior court cannot, under an information filed after such time, acquire jurisdiction to try the prisoner for the offense therein charged. (*In re Begerow,* 133 Cal. 349, [85 Am. St. Rep. 178, 65 Pac. 828].) At least, the court held in that case that subdivision 2 of section 1382 of the Penal Code, which provides that the prosecution against a defendant must be dismissed, the trial not having been postponed upon the application of defendant, unless good cause be shown therefor, if the defendant is not brought to trial within sixty days after the finding of the indictment, or filing of the information, is imperative and mandatory. We can see no reason why the same may not be said of subdivision 1 of that section, prescribing the time limit of thirty days within which the information must be filed. The only question here, then, is, Was the filing of the new or second information by the district attorney more than thirty days after the date of the making of the original order,

or, perhaps more correctly speaking, the attempted order committing the petitioner for the crime of assault to commit murder, an idle and nugatory and void act and the information thus filed insufficient to confer upon the superior court jurisdiction to try said petitioner thereunder? The power of the court, upon setting aside an information for the reason that it does not charge the offense for which the prisoner has been committed, or because of any irregularity in the order of commitment, to order a new information to be filed, or directing any irregularity in the order of commitment to be rectified by the magistrate, and a new information based thereon filed, is unquestioned and conceded. (Pen. Code, secs. 997, 998; *People* v. *Thompson*, 84 Cal. 601, [24 Pac. 384]; *Ex parte Walpole*, 85 Cal. 362, [24 Pac. 657]; *People* v. *Lane*, 101 Cal. 515, [36 Pac. 16].) If section 809 of the Penal Code could be held to be applicable to a case where an information has been dismissed or set aside and a new one directed by the court to be filed in its place, and such new information is filed more than thirty days after the time at which the order of commitment was made, we are of the opinion that the conditions which gave rise to the necessity for the filing of the new information after the thirty days after the original order of commitment has been made constitute the "good cause" contemplated by section 1382, *supra*, as an excuse for a failure to file the information within the time prescribed by said section 809, *supra*. But it seems to us that the supreme court has settled this question in a number of cases. In the case of *People* v. *Lee Look*, 143 Cal. 221, [76 Pac. 1029], the court, speaking through Mr. Justice McFarland, says: "There is nothing in the point that the second information was not filed within thirty days after appellant was held to answer. The provision of section 809 of the Penal Code has no reference to the new information which may be directed by the court after a demurrer sustained to the information." There can be no distinction upon principle between the case of a demurrer sustained to an information and where the information has, upon motion, been set aside.

In the case of Begerow, (133 Cal. 349, [85 Am. St. Rep. 178, 65 Pac. 828]), the court, among other things, said: " . . . And, indeed, a mistrial is not a trial, within the meaning of the constitution or statutory provision. *The fact*

*that there has been an attempted trial may constitute the good cause which the prosecution is required to show to excuse delay. . . .* " (Italics ours.) So, as we have suggested, the fact that the district attorney has attempted to file an information within the thirty days and has failed, should be, we think, sufficient cause to excuse the delay which, but for the order of the superior court setting aside the information—an order which the law commanded should be made—would not have occurred.

In the cases of *People* v. *Thompson,* 84 Cal. 601, [24 Pac. 657], and *People* v. *Lane,* 101 Cal. 515, [36 Pac. 16], and, in short, in every case where the point has been presented to and noticed by the court, it is declared that there is no necessity, after an order setting aside an information, upon the ground of irregularity in the order of commitment, to go into another examination of the charge in order to justify the filing of a new information. It would certainly entail upon both the people and the defendant great inconvenience and expense if a re-examination of the charge were necessary where an information had been set aside or dismissed because of some irregularity in the order of commitment or by reason of a failure of the district attorney to keep within the terms of the order of commitment in drafting and filing the information. The legislature could have had no such intention, and surely there can be found no reason for justifying the courts in giving the law a construction which would produce a result so unnecessary. But such a construction would inevitably be required if the true rule is, as contended by petitioner, that a second information, directed to be filed in the place of one filed within the time but set aside, must be filed within thirty days after the order of commitment is made.

For the foregoing reasons the writ will be discharged and petitioner remanded.

Chipman, P. J., and Burnett, J., concurred.