[Crim. No. 950. Second Appellate District, Division Two.—May 16, 1923.]

THE PEOPLE, Respondent, v. AUBREY NORMAN et al., Appellants.

[1] CRIMINAL LAW — DRIVING AUTOMOBILE WITHOUT CONSENT — CONSTRUCTION OF COMMITMENT. — A commitment for "driving an automobile without the owner's consent" does not hold the defendant to answer, under section 499b of the Penal Code, a misdemeanor, but constitutes an attempt to commit the defendant for a violation of section 21 of the Motor Vehicle Act, a felony.

[2] ID. — DEFECTIVE COMMITMENT — DISCRETION TO ORDER CORRECTION.—Where a defendant is held to answer for "driving an automobile without the owner's consent," but the district attorney files an information charging the defendant with a felony, to wit, operating an automobile "upon the public highways" without the owner's consent, and the defendant, upon arraignment, moves to set aside the information on the ground that he was not legally committed by a magistrate, the court, although it denies the motion, may make an order directing the clerk to transmit the papers in the case to the committing magistrate, with directions to correct the commitment and recertify it to the superior court.

[3] ID. — FAILURE TO SET ASIDE INFORMATION — WANT OF PREJUDICE —APPEAL.—In such a prosecution, where the record clearly shows the defendant to have been guilty of the offense for which he was tried under a second imformation and sentenced, the judgment will not be reversed on appeal because of the irregularity of the trial court in not formally granting the motion to set aside the first information when it directed the correction of the commitment.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward J. Kelly for Appellants.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Lorrin Andrews for Respondent.

CRAIG, J.—The defendants were convicted of operating an automobile upon the public highways without the own-

er's consent, a felony. The court denied their motion for a new trial and pronounced judgment, from which this appeal was taken. The ground urged for reversal is that the defendants were not legally committed by a magistrate.

The proceedings upon which they rely are as follows: The prosecution was begun in the usual manner and after a preliminary examination before a magistrate the defendants were held to answer for "driving an automobile without the owner's consent." An information was filed by the district attorney charging the defendants with a felony, to wit, operating an automobile upon the public highways without the owner's consent. Defendants were arraigned in the superior court and moved to set aside the information on the ground that they were not legally committed by a magistrate. The court denied the motion, expressing an opinion that the magistrate should amend the commitment and thereafter made an order directing the clerk to transmit the papers in the case to the committing magistrate, and that the justice be directed to correct the commitment and recertify it to the superior court.

Thereupon the committing magistrate signed a new commitment, holding the defendants to answer for operating an automobile upon the public highways without the owner's consent. In due time the defendants were again arraigned and moved to set the information aside upon the same grounds as before. This motion was denied. A plea of not guilty was entered and, after a trial, the defendants were convicted.

It is urged that under the first commitment the defendants were held to answer for a misdemeanor. Our attention is called to section 499b of the Penal Code, which makes it a misdemeanor for a person "without the permission of the owner" to "take any automobile . . . for the purpose of temporarily using or operating the same." Section 28 of the motor vehicle law (Stats. 1915, p. 397), as amended in 1917 by section 21 thereof, provides that "it shall be unlawful for any person to drive or operate . . . upon public highways any motor vehicle not his own, whether with or without intent to steal the same, in the absence of the owner thereof and without such owner's consent," and makes a violation of this provision a felony. Appellant argues that since the words "public highways" were omitted

from the first commitment, the defendants were thereby held to answer only for the misdemeanor denounced in section 499b of the Penal Code; further, that all that followed in the superior court and the subsequent commitment by the justice of the peace were without jurisdiction.

[1] It cannot be said that the first commitment held the defendants to answer under section 499b. That provision does not denounce the driving of an automobile on the public highways or elsewhere. It makes only the taking of an automobile under the circumstances therein described an offense; it is obvious that to take a vehicle is quite different from driving or operating it.

On the other hand, this commitment did not completely and regularly state the offense named in the Motor Vehicle Act, since, as pointed out by the appellants, it did not allege that they drove the automobile in question upon the public highways. However, it is quite evident that the magistrate attempted to commit the defendants for a violation of section 21 of that act and the superior court so construed the commitment. [2] It is true that the order made was that the motion to set aside the information be denied. Nevertheless, the court further directed that the commitment be sent back and that the magistrate make out another. This was done and a new or amended information filed. The original commitment charged no offense. This resulted from the technical omission of the words "upon the public highways." The superior court had full authority to set aside the first information. It also could have returned the commitment to the magistrate for recommitment, and this it did. (Sec. 997, Pen. Code; *Ex parte Fowler,* 5 Cal. App. 549, at p. 554 [90 Pac. 958].) The effect of the entire procedure in that court was the same as though the order upon the first motion to set aside the information had been that the same be set aside and that the matter be resubmitted to the magistrate. Had this order been made the omission in the original commitment which produced the irregularity could have been cured by the magistrate merely making out a new one, as was done, without a second examination and again taking testimony. (*Ex parte Fowler, supra.*) In that case it is said that the omission of the words "with malice aforethought" necessary to a complete description of the crime of assault with a deadly weapon

with intent to commit murder amounts to a mere irregularity and one which the magistrate could correct upon being ordered to do so by the superior court.

[3] We have examined the entire transcript and are satisfied therefrom that the appellants were clearly shown to have been guilty of the offenses for which they were sentenced. In view of the entire proceedings, the error of the superior court in not formally granting the motion to set aside the first information could not have resulted prejudicially to the rights of the defendants, nor has the judgment appealed from produced a miscarriage of justice. Under such circumstances the judgment should be affirmed (art. VI, sec. 4½, Const.), and it is so ordered.

Finlayson, P. J., and Works, J., concurred.