[Crim. No. 1179. Second Appellate District, Division One.—June 24, 1925.]

THE PEOPLE, Respondent, v. A. W. BOMAR, Appellant.

[1] CRIMINAL LAW—OFFENSE COMMITTED—FILING OF INFORMATION—FUNCTIONS OF DISTRICT ATTORNEY.—The functions of the district attorney in the filing of an information are ministerial only, and he has no power to file an information for an offense other than that for which the defendant has been by the committing magistrate held for trial.

[2] ID.—DEFECTIVE COMMITMENT—RETURN FOR CORRECTION.—When the commitment is defective in form or fails to state the specific charge on which the defendant was bound over, it may, by order of the superior court, be returned to the committing magistrate for the purpose of correction and, when corrected, the commitment has the same force and effect as if originally issued in its corrected form.

[3] ID. — RETURN OF COMMITMENT FOR CORRECTION — SUFFICIENCY OF ORDER—NUNC PRO TUNC FILING.—Where the superior court makes no order returning a commitment to the magistrate for correction, but the court does, upon motion of the district attorney, order a corrected or amended commitment filed as a record of

---

1. See 14 Cal. Jur. 28; 8 R. C. L. 106.

the superior court, this action of the court might serve as a legal
substitute for an order directing the return of the commitment
for correction; and where the amended commitment is left with
the clerk of the court, although not marked filed, an order of the
court directing its filing as of the date it was left with the clerk,
is proper.

[4] ID. — FUNCTION OF COMMITTING MAGISTRATE — ERRONEOUS JUDG-
MENT—POWER TO CORRECT.—The determination by a magistrate
of the question as to whether the testimony before him shows
that a certain crime has been committed, is a judicial act, and
in effect amounts to a judgment of the tribunal over which said
magistrate presides, and if the magistrate, in the consideration
of such testimony, arrives at and pronounces an erroneous con-
clusion as to the crime committed thereby, it is on his part a
judicial error which is beyond his power to correct.

[5] ID.—DUTY OF COMMITTING MAGISTRATE—POWER TO MODIFY ORDER.
At the conclusion of the preliminary examination, the law requires
that if it appears to the magistrate that a public offense has
been committed and there is sufficient cause to believe the de-
fendant guilty thereof, the magistrate must make or indorse on
the complaint an order signed by him to that effect; and in
making this order, the magistrate has exhausted all the power in
the premises with which he has been invested by law, and any
attempt on his part thereafter to modify this order, either under
the direction of the superior court or upon his own motion, ex-
cept to correct the same in matter of form, is beyond his power
and jurisdiction.

[6] ID. — AMENDMENT OF COMMITMENT — HOLDING ACCUSED FOR DIF-
FERENT OFFENSE.—Where a commitment, as originally issued by
a committing magistrate, holds the defendant for trial for the
crime of grand larceny, and ·there is no defect in the form of this
commitment, nor any failure to state the specific charge for which
the defendant is bound over to the superior court for trial, the
committing magistrate has no authority thereafter to amend his
commitment by holding the defendant for trial for the offense of
obtaining money under false pretenses.

[7] ID. — PROSECUTION BY INFORMATION — JURISDICTIONAL PREREQUI-
SITES—FAIR TRIAL—CONSTITUTIONAL LAW.—Before any accused
person can be called upon to defend himself on any charge prose-
cuted by information, he is entitled to a preliminary examination
upon said charge, and the judgment of the magistrate before
whom such examination is held as to whether the crime for which
it is sought to prosecute him has been committed, and whether
there is sufficient cause to believe him guilty thereof; and, where

7.  See 8 R. C. L. 104.

a committing magistrate without authority amends his commitment by holding the defendant for trial for an offense different from that for which he was ordered held in the original commitment, and the defendant is tried and convicted upon an information charging the offense stated in the amended commitment, section 4½ of article VI of the constitution may not be resorted to to uphold the conviction, upon the ground that the defendant had a fair trial and there has been no miscarriage of justice.

(1) 31 **C. J.**, p. 630, n. 48.    (2) 16 **C. J.**, p. 337, n. 95.    (3) 16 **C. J.**, p. 337, n. 95.    (4) 16 **C. J.**, p. 337, n. 95.    (5) 16 **C. J.**, p. 337, n. 95.    (6) 16 **C. J.**, p. 337, n. 95.    (7) 17 **C. J.**, p. 369, n. 10.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank C. Collier, Judge. Reversed.

The facts are stated in the opinion of the court.

Paul W. Schenck and Richard Kittrelle for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

CURTIS, J.—A complaint was filed in the justice court of Los Angeles township containing four counts, each charging the defendant with the commission of the crime of grand larceny. A preliminary examination of said defendant was held upon said complaint and the committing magistrate, on July 9, 1924, issued a commitment, holding the defendant for trial in the superior court upon two charges of grand larceny set out in the first and second counts, respectively, of said complaint. On August 8th the district attorney filed an information against the defendant, which information contained four counts. The first two thereof charged the defendant with two separate crimes of grand larceny, and being the same two charges set forth in said commitment; and in each of the third and fourth counts of said information the defendant was charged with the crime of obtaining money under false pretenses. The defendant moved the court to set aside the information on the ground that the defendant had not been legally committed. This motion was made on August 14th and continued to August 18th. On the calling of the motion on the 18th, the court, upon motion of the district attorney, ordered

that the clerk file *nunc pro tunc* as of August 4, 1924, an amended commitment. This amended commitment was issued by the committing magistrate before whom the preliminary examination of defendant had been held. It was dated August 4, 1924, on which date it had been received by the clerk of the court, but had not been marked filed, and it purported to commit the defendant for trial upon the two charges of grand larceny set out in the original commitment, and also two charges of obtaining money under false pretenses; said two last mentioned charges being the same two charges which were set forth in count three and four, respectively, of the information. The court then denied defendant's motion to strike out the information, or any part thereof. Upon the trial defendant was found guilty of the two charges of obtaining money under false pretenses. The two charges of grand larceny in the information had previously been dismissed by the court upon the motion of the district attorney. The sole point made by appellant at this time for the reversal of the judgment herein is that the court erred in its refusal to grant appellant's motion to strike out the information in so far as said motion applied to the two charges of obtaining money under false pretenses. On a former hearing the judgment was affirmed (46 Cal. App. Dec. 966), but later this court granted appellant's petition for a rehearing and also, upon his suggestion of a diminution of the record, ordered that the original complaint and the commitments of date July 9th and August 4th, respectively, be made a part of the record on appeal. These papers were not before the court on the former hearing.

Was the defendant legally committed upon the two charges of obtaining money under false pretenses, being the charges of which he was found guilty by the jury? [1] The functions of the district attorney in the filing of an information are ministerial only. He has no power to file an information for any offense other than that for which the defendant has been by the committing magistrate held for trial. (*People* v. *Nogiri,* 142 Cal. 596 [76 Pac. 490].) [2] When the commitment is defective in form or fails to state the specific charge on which the defendant was bound over, it may be by order of the superior court returned to the committing magistrate for the purpose of cor-

rection and, when corrected, the commitment has the same force and effect as if originally issued in its corrected form. (*People* v. *Norman*, 62 Cal. App. 219 [216 Pac. 40]; *Ex parte Fowler*, 5 Cal. App. 549 [90 Pac. 958].) [3] In the present action the superior court made no order returning the commitment to the magistrate for correction. The court did, however, upon motion of the district attorney, order the corrected or amended commitment filed as a record of the superior court. Under these circumstances this action of the court in ordering the corrected or amended commitment filed, we think, might serve as a legal substitute for an order of the court directing the return of the commitment for correction. The amended commitment had evidently been left with the clerk of the court on August 4th, although not marked filed at that time. The order of the court directing its filing as of date August 4th, was, therefore, proper. The commitment, however, as originally issued by the committing magistrate, held the defendant for trial for the crime of grand larceny. There was no defect in the form of this commitment, nor was there any failure to state the specific charge for which the defendant was bound over to the superior court for trial. The corrected or amended commitment made no material correction in the form of the original commitment binding the defendant over to the superior court for trial upon the charge of grand larceny, but it set forth, in addition to these two charges of grand larceny contained in the original commitment, two other distinct charges, to wit, two charges of obtaining money under false pretenses, and purported to commit the defendant for trial in said superior court upon all four of said charges.

Has a magistrate any authority, after committing a person for trial on one offense, thereafter to change his order and commit said person for another and distinct offense, without any further hearing and upon the same testimony upon which the original commitment was based? The only decision of our courts to which our attention has been called in which this direct question has been considered is the case of *Ex parte Fowler, supra,* where the court, after holding that the committing magistrate had power to correct the commitment in matter of form, said, "Of course we are not to be understood as suggesting that a magistrate, after once committing an accused for a certain offense, may thereafter

change his order and commit him for another and distinct offense.'' This statement of the court was probably not necessary for the decision of any question involved therein, and, therefore, may very properly be considered as dictum. Yet we are not prepared to say that the court did not make a correct statement of law upon the question under discussion. [4] The determination by a magistrate of the question as to whether the testimony before him shows that a certain crime has been committed, is a judicial act. *(People v. Nogiri, supra)*, and in effect amounts to a judgment of the tribunal over which said magistrate presides. If the magistrate, in the consideration of such testimony, arrives at and pronounces an erroneous conclusion as to the crime committed thereby, it is on his part a judicial error which is beyond his power to correct. ''Notwithstanding the power of the court to correct by amendment its inadvertent acts, where they are of such a nature as to be regarded as mere clerical misprisions, it is undoubtedly true that judicial error may not be thus corrected, but must be remedied in another way, as by motion for a new trial or on appeal. Proceedings for amendment of judgments . . . ought never to be the means of modifying or enlarging the judgment or the judgment record, so that it shall express something which the court did not pronounce, even though the proposed amendment embraces matter which clearly could, or even should have been pronounced.'' (14 Cal. Jur., page 999.) The authorities cited in the text in support of this proposition are directly applicable to judgments of courts of record, but we can see no reason why the same rule should not apply to a committing magistrate in the exercise of the power conferred upon him of holding preliminary examinations. [5] At the conclusion of the examination, the law requires that if it appears to the magistrate that a public offense has been committed and there is sufficient cause to believe the defendant guilty thereof, he must make or indorse on the complaint an order signed by him to that effect. In making this order, the magistrate has exhausted all the power in the premises with which he has been invested by law. Any attempt on his part thereafter to modify this order, either under the direction of the superior court or upon his own motion, except to correct the same in matter of form, is beyond his power and jurisdiction. [6] We conclude, therefore, that the magistrate had

no authority to amend his commitment by holding the defendant for trial for an offense different from that for which he was ordered held in the original commitment, and, therefore, that the defendant was not legally committed for the offense for which he was found guilty.

[7] Neither do we think that section 4½ of article VI of the constitution is applicable in the present case. Before any accused person can be called upon to defend himself on any charge prosecuted by information, he is entitled to a preliminary examination upon said charge, and the judgment of the magistrate before whom such examination is held as to whether the crime for which it is sought to prosecute him has been committed, and whether there is sufficient cause to believe him guilty thereof. These proceedings are essential to confer jurisdiction upon the court before whom he is placed on trial. To say that he was accorded a fair trial upon an information filed against him without a substantial compliance with these jurisdictional requirements, and, therefore, that there had been no miscarriage of justice, hardly meets the situation. Such an argument would apply with equal force to the validity of the conviction upon an information filed by the district attorney in a case where no preliminary examination at all had been held. Such practice would result, in legal effect, in wiping out all provisions of the constitution and the Penal Code providing for preliminary examination, and in clothing the district attorney with unlimited authority to file information against whomsoever in his judgment he might consider guilty of crime. We do not believe that it was ever the intention to extend the scope of section 4½ of article VI of the constitution to any such limits.

The appellant never having been legally committed, the judgment and order appealed from are reversed with directions to the trial court to grant appellant's motion to set aside the information.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1925.

Houser, J., *pro tem.*, did not participate.