[Crim. No. 1215. Third Appellate District.—September 7, 1932.]

In the Matter of the Application of EDWARD KEPFORD for a Writ of Habeas Corpus.

Edward Kepford, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THE COURT.—This is a petition for a writ of *habeas corpus*. The petitioner contends he is illegally restrained of his liberty for the reason that he has served the maximum time of imprisonment prescribed by law as a penalty for the offense of which he was convicted.

June 6, 1929, the petitioner was convicted by a jury in San Joaquin County, of the felony of "driving an automobile without the consent of the owner", for the purpose of temporarily depriving the owner of the possession thereof. At the same time he pleaded guilty to two former convictions of other felonies. He was sentenced to imprisonment in Folsom state prison for the indeterminate period prescribed by law. The prison board subsequently fixed his penalty at ten years' imprisonment. That order was rescinded by the prison board May 14, 1932, and his term of imprisonment was fixed at seven years.

The petitioner contends that the maximum penalty for the offense of which he was convicted, together with the prior

conviction of a felony, was but five years; that the term of imprisonment which was fixed by the prison board was excessive and void and that the credits which he has earned for good behavior entitle him to a discharge at this time.

Section 146 of the California Vehicle Act, the violation of which led to the conviction of the petitioner, reads in part: "Any person who shall drive a vehicle not his own, without the consent of the owner thereof, and in the absence of the owner, and with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle, whether with or without intent to steal the same, shall be deemed guilty of a felony."

The penalty for this felony is prescribed by section 18 of the Penal Code, as it then existed, as follows: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a felony, is punishable by imprisonment in the state prison, not exceeding five years."

The maximum penalty for the offense of feloniously driving a vehicle without the presence or consent of the owner is therefore fixed at five years of imprisonment in the state prison. This penalty is, however, increased in the present case on account of the prior conviction of a previous felony, which was also suffered by the petitioner. The term of imprisonment in this case was properly fixed by the prison board, pursuant to the mandate of section 1168 of the Penal Code as it existed in 1928 at the time of the commission of the offense and the conviction of the defendant therefor. That section of the code then provided that one who was convicted of a crime "shall be sentenced to be confined in the state prison, but the court in imposing such sentence shall not fix the term or duration of the period of imprisonment. . . . The governing authority of the reformatory or prison in which such person may be confined, or any board or commission that may be hereafter given authority so to do, shall determine . . . what length of time . . . such person shall be confined. . . . But the following shall be the minimum term of sentence and imprisonment in certain cases, *notwithstanding any other provision of this code or any provision of law specifying a lesser sentence.* . . . For a person previously convicted of a felony, but not armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest,

seven years." This statute then provides that this term of imprisonment may be fixed by the prison board at any time after one year from the commencement of the service of sentence, and that the prisoner may be allowed credit for good behavior. In the present case the prisoner was allowed and is entitled to credit of one year and five months to be deducted from his term of sentence, for good behavior.

The petitioner contends that the order of the prison board fixing his term of imprisonment at seven years is unauthorized by law and void. He asserts that the maximum penalty which is authorized by law in the present case is five years' imprisonment, and that the term fixed by the prison board in excess of that period is void. If this contention be true, then the petitioner has earned credits to be deducted from his time of imprisonment, which will entitle him to his discharge. In support of this assertion, the petitioner relies on section 667 of the Penal Code, relating to prior convictions, which reads in part:

"Every person who, having been convicted of any offense punishable by imprisonment in the state prison, and having served a term therefor in any penal institution, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that, upon a first conviction, an offender would be punishable by imprisonment in the state prison, such person is punishable by imprisonment in the state prison *for the maximum period for which he might have been sentenced, if such offense had been his first offense.*"

The petitioner claims that the language of the last-quoted section of the code is controlling, and that since five years of imprisonment is prescribed by section 18 of the Penal Code as the maximum penalty for feloniously driving an automobile without the consent or presence of the owner thereof, that period of time may not be extended because of his previous conviction of another felony. The last-quoted section of the code was enacted in 1909. It is specifically modified and controlled by the language of section 1168 of the Penal Code, which was enacted in 1917, and amended in 1927, declaring that the penalty for a felony committed by "a person previously convicted of a felony, but not armed with a deadly weapon . . . (is) seven years . . . *notwithstanding any other provision of this code or any provision of*

*law specifying a lesser sentence"*. It is conceded the petitioner was not possessed of a deadly weapon. The last-quoted provision definitely and specifically fixes the minimum penalty under the circumstances of the present case at seven years. The minimum penalty for a felony accompanied by evidence of a prior conviction of another felony, when the possession of a deadly weapon is not involved, is seven years. ■ The defendant was charged and convicted of a felony under the provisions of section 146 of the California Vehicle Act. It may not be said he was convicted of a mere misdemeanor under section 499b of the Penal Code. (*People* v. *Norman,* 62 Cal. App. 219 [216 Pac. 402].) He was not charged with taking an automobile under the provisions of the last-mentioned section.

■ The petitioner may not complain because the prison board reduced his penalty from a previous term of ten years to the present fixed term of seven years. Assuming that there is no legal authority for the prison board to have originally fixed the term of imprisonment at ten years, that order was, nevertheless, valid to the extent of the minimum term of seven years, which is specifically fixed by law. The petitioner was not harmed by the correction of the original order of the prison board.

The writ is denied.