Thomas J. FLEMING, Appellant,

v.

John KLINGER, Warden California Men's Colony, Appellee.

No. 20445.

United States Court of Appeals
Ninth Circuit.

June 28, 1966.

Thomas Fleming, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Harvey D. Unrot, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before MADDEN, Judge, U. S. Court of Claims, and BARNES and ELY, Circuit Judges.

PER CURIAM:

This is an admittedly inept appeal in propria persona from the denial of a writ of habeas corpus in the district court. Appellant is a state prisoner. In 1929, he was convicted in California State Superior Court of first degree murder and two counts of first degree robbery, the sentences to run consecutively. Appellant alleges that he pleaded guilty, was sentenced, and took no appeal. He now asserts (1) that his consecutive sentences were illegal; (2) that the change of consecutive sentences to concurrent sentences was illegal; (3) that he was deprived of counsel at the time of his arrest, and subsequent interrogation—not at his arraignment or trial.

By reason of the change of appellant's sentences from consecutive to concurrent, appellant apparently was released on parole by the California authorities, for on June 13, 1960, appellant alleges he was convicted on two counts of assault with a deadly weapon (Cal.Penal Code

§ 245) after being charged with assault to commit murder (Cal.Penal Code § 217). He alleges he appealed in forma pauperis; and his appeal was denied. (People v. Fleming, 191 Cal.App.2d 163, 12 Cal.Rptr. 530 (1961).)

## I

The California law provides for consecutive sentences, as here imposed, for first degree robbery, "consecutive to each other and each consecutive to the charge of first degree murder." (Cal. Penal Code § 669.)

## II

The California law provides for the trial judge to sentence "for the term prescribed by law"—which is set by an Adult Authority. (Cal.Penal Code § 1168.) That Authority has the right to "determine and redetermine" the sentence originally fixed. (Cal. Penal Code § 3020.) This is not a "usurpation of judicial authority" as appellant contends. Further, appellant was benefited by such modification, not injured, not legally wronged, and cannot complain. Ex Parte Kepford, 125 Cal.App. 675, 14 P.2d 145 (1932).

## III

By appellant's plea of guilty when represented by counsel in the trial court in 1929, any error relating to previous statements was waived. No allegation exists that any statement previously made by appellant was introduced against him, or influenced his plea, or led to the discovery of any evidence against him. Thus Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) has no application.

"'The conviction and sentence which follows a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities.' Thomas v. United States, 290 F.2d 696–697 (9th Cir. 1961)." Quoted in Wallace v. Heinze, 351 F.2d 39 at 40 (9th Cir. 1965).

## IV

Appellant has failed to exhaust his state remedies. His only excuse for failing to seek relief there is his belief such action "would be of no use." Such a conclusion on his part does not prove his point.

## V

Appellant raises questions of internal prison regulations and conduct (in his "Demurrer to Appellee's Reply Brief") which are not cognizable by courts of law. United States v. Marchese, 341 F.2d 782, 789 (9th Cir. 1965), rehearing denied March 4, 1965, cert. denied 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965); Stroud v. Swope, 187 F.2d 850, 851 (9th Cir. 1951), cert. denied 342 U.S. 829, 72 S.Ct. 53, 96 L. Ed. 627 (1951); Numer v. Miller, 165 F.2d 986 (9th Cir. 1948).

Affirmed.