[L.A. No. 30314. In Bank. Nov. 26, 1974.]

ALLEN DEAN BURNETT, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Frank L. Williams, Jr., Public Defender, James R. Goff and Michael Ian Garey, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney General, Oretta D. Sears, William Bedsworth and Ronald Cordova, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**WRIGHT, C. J.**—Allen Dean Burnett seeks mandate to compel the respondent superior court to rule on petitioner's motion to set aside an information (Pen. Code, § 995) charging petitioner with two violations of Penal Code section 211 (robbery).[1] Petitioner contends that the respondent exceeded the power vested in it when, for the purpose of receiving further testimony, it declined to rule on the motion and remanded the cause to the municipal court wherein the magistrate had held petitioner to answer at the preliminary hearing (§ 872). We agree with petitioner's contention and issue a peremptory writ commanding the respondent court either to deny the motion or, if it finds on the record that petitioner was committed without reasonable or probable cause, to grant the motion and proceed according to law. (§§ 995, 997, 998.)

Evidence adduced at the preliminary hearing discloses that a man approached a retail ice cream store on November 23, 1973, at approximately 5 p.m., told the clerk at the counter, Becky Basgall, a 16-year-old girl,

---

[1] All statutory references, unless otherwise specified, are to sections of the Penal Code.

that "it was a stick-up," and ordered her to open the cash register. His demands were ignored although he threatened to "blow off" her head. At the preliminary hearing she testified as to the man's clothing, physical dimensions and race, but she was otherwise unable to describe his appearance because of poor lighting conditions in the late afternoon. She stated on direct examination that earlier that day when she came to the court house she had recognized a man in the hallway as her assailant. On cross-examination she stated that petitioner was the man she saw in the hallway but that she was "not sure" he was the one who had attempted to rob her.

A 12-year-old witness, Lynn Curry, testified concerning a second incident which had occurred on the same day as the attempted robbery of the ice cream store. She stated that about 5 p.m. she and her mother were putting groceries in her mother's car in the parking lot of a market. She noticed a man approaching rapidly. He snatched a purse from her mother and ran off with it. The witness described the man as to race and clothing and such descriptions were similar to those testified to by Becky particularly with reference to a distinctive hat worn on each occasion by the assailant. Lynn also testified that earlier on the day of the preliminary examination she had seen in the hallway of the court house the man who had taken her mother's purse. She identified petitioner as that man although she admitted some confusion as to the man's height.

At the hearing on the motion to set aside the information the People were represented by two deputy district attorneys, one of whom indicated that the People would move to dismiss as "We are going to have to refile the matter." The deputies stated that an attempt had been made to "work out a remand," but that the "defense was not amenable to that." It appears that the deputies then reconsidered the People's position and asked the court's permission to withdraw the motion to dismiss. One deputy suggested that the court should rule on the defense motion to set aside the information; the other argued that the court had discretion to remand the cause to the magistrate in lieu of making an order setting aside the information if, in the court's opinion, the receipt of further testimony at a reconvened preliminary hearing would avoid the necessity of refiling a complaint and initiating a new prosecution.

Defense counsel objected to the suggested remanding procedure and requested a ruling on the motion to set aside the information, pointing out that the People had filed nothing in opposition to and otherwise had not opposed the motion. The court ruled: "Your motion for the ruling on

995 will be denied. The motion of the District Attorney to remand is over your objection and is granted."[2]

. Petitioner relies on sections 995 and 997 in support of his contention that the respondent court could only grant or deny his motion to set aside the information. Section 995 provides, inter alia, that the information "must be set aside" when a defendant had not been committed upon reasonable or probable cause, and section 997 provides, inter alia, that the motion "must be heard at the time it is made, unless for cause the court postpones the hearing to another time."

We consider first the legal effect of the proceedings had on the motion to set aside the information. The record compels a conclusion that there was, in fact, no hearing on the motion as the court never addressed itself to the question whether petitioner had been committed upon reasonable or probable cause, ignoring the suggestion of one of the deputy prosecutors and petitioner's request for a ruling on the motion. The court expressly refused to consider a ruling on section 995 and addressed itself only to the question whether it could remand the matter, concluding that it had jurisdiction so to do. Petitioner was thus afforded no opportunity to present argument on either the facts or the law going to the merits of the motion to set aside the information. But even if we deem petitioner to have been afforded a "hearing" on the motion, that in itself did not satisfy the requirements of law.

 ■   "The law is well settled that a trial court is under a duty to hear and determine the merits of all matters properly before it which are within its jurisdiction and that mandate may be used to compel the performance of this duty." (*Robinson* v. *Superior Court* (1950) 35 Cal.2d 379, 383 [218 P.2d 10].) "If the court has jurisdiction of a case the parties are entitled to something more than a hearing on the merits—they are entitled to a decision thereon. (See *Cahill* v. *Superior Court*, 145 Cal. 42 [78 P. 467].)

---

[2]The magistrate rejected the remanding order, taking the view that the municipal court was without jurisdiction to proceed once it had held petitioner to answer following the preliminary hearing. The matter was sent back to the respondent superior court and that court indicated that having made a valid order remanding the cause to the municipal court, it lacked jurisdiction to entertain further proceedings. It nevertheless purported to amend its earlier remanding order, fixing a different date for petitioner's appearance before the municipal court. The record does not disclose that any further action had been taken prior to the time we issued our alternative writ. We thereupon stayed further proceedings in the municipal court pending a final determination. Proceedings were not stayed in respondent superior court, however, as the alternative writ provided that court with the option of proceeding as petitioner demands, that is, setting aside its remanding order and hearing and determining petitioner's motion to set aside the information.

One of the fundamental aims of the law is to secure to a litigant a judgment on the merits of a matter properly brought before the court, and one of the ancient offices of the writ of mandate was to compel a court to hear and decide the merits of a matter within its jurisdiction." (*Id.*, at p. 385.)

■ It thus appears that a motion pursuant to section 995 being properly before the court and no challenge being made to the court's jurisdiction to act thereon, it was the duty of respondent to hear and determine the motion on its merits.[3] Its failure to do so entitles petitioner to the extraordinary relief he seeks in the absence of legal justification for the failure.

The People contend that justification for the remand order, in lieu of a determination on the merits, is to be found in the controlling statutes and pertinent case law. The People particularly rely on the provisions of sections 997 and 998 insofar as they deal with procedures to be followed *after the granting* of a motion to set aside an information. Section 997 provides that a defendant shall be discharged from custody and bail exonerated unless the court "directs that the case be resubmitted to the same or another grand jury, or that an information be filed by the district attorney . . . ."[4] Section 998 provides that on a directed resubmission the defendant, if in custody, is to remain in custody unless admitted to bail or, if already admitted to bail, the bail is answerable to the defendant's appearance on "a new indictment or information," and that unless such "new indictment is found or information filed" within a specified time the defendant is to be discharged, his bail exonerated and money on deposit refunded as provided in section 997.

■ The People argue that sections 997 and 998 thus provide a short

---

[3]No claim is made in the instant circumstances that the hearing was merely postponed, as it might have been for cause, to another time. (§ 997.)

[4]The full text of section 997 is as follows: "The motion must be heard at the time it is made, unless for cause the court postpones the hearing to another time. The court may entertain such motion prior to trial whether or not a plea has been entered and such plea need not be set aside in order to consider the motion. If the motion is denied, and the accused has not previously answered the indictment or information, either by demurring or pleading thereto, he shall immediately do so. If the motion is granted, the court must order that the defendant, if in custody, be discharged therefrom; or, if admitted to bail, that his bail be exonerated; or, if he has deposited money, or if money has been deposited by another or others instead of bail for his appearance, that the same be refunded to him or to the person or persons found by the court to have deposited said money on behalf of said defendant, unless it directs that the case be resubmitted to the same or another grand jury, or that an information be filed by the district attorney; provided, that after such order of resubmission the defendant may be examined before a magistrate, and discharged or committed by him, as in other cases, if before indictment or information filed he has not been examined and committed by a magistrate."

procedure for reinstituting a prosecution after the granting of a motion to set aside an information or indictment, in cases when it appears to the trial court that an information or indictment can be properly prosecuted against a defendant. Such procedure would circumvent the longer route of rearresting a discharged defendant, refiling the case and beginning prosecution anew. (§ 999; *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 666 [108 Cal. Rptr. 657, 511 P.2d 609]; *People* v. *Mason* (1968) 259 Cal.App.2d 30, 38-39 [66 Cal.Rptr. 601].)

The short answer to the People's contention is simply that the trial court did not purport to act, and in fact did not act in compliance with the provisions of sections 997 and 998. Those procedures are applicable only when a motion to set aside an information or indictment has been granted, and respondent in the case at bench adamantly refused to consider the motion on the merits. The remand was for the purpose of affording the People an opportunity to bolster the record so that probable cause for commitment might be more clearly demonstrated, thus preserving the challenged information.[5] Sections 997 and 998 clearly contemplate a resubmission only for consideration of a "new" indictment or information.

In an attempt to extricate themselves from the consequences of respondent's refusal to act on the motion, the People now argue that by "remanding the cause . . . [the respondent] court divested itself of jurisdiction and necessarily voided the previously filed information. . . . After completion of the proceedings on remand . . . , a second information would have to be filed. . . ."[6] In *People* v. *Norman* (1923) 62 Cal.App. 219, 221 [216 P. 402], it was suggested that an order remanding a cause on a motion to set aside an information was also an implicit granting of the motion, as such remanding order could be made only after the granting

---

[5]The purpose for the remand is made clear by a discussion in respondent court when the matter was referred back to that court following the magistrate's refusal to act on the remand. At that time counsel for petitioner stated that he would stipulate to a remand if petitioner was to be afforded a "new preliminary hearing." The deputy district attorney rejected the offer, stating that although petitioner could put on witnesses in his own behalf at a reconvened hearing, the remand was not intended for the purpose of "an entire preliminary all over again. We intended to call further witnesses that we needed to call." The court stated that its "idea" of why the cause had been remanded was "because they felt there was some inadequacy." The court refused to take any further action except as earlier noted. (Fn. 2, *supra*.)

[6]This argument is made by the People in an attempt to refute petitioner's further contention, which we do not reach, that the remanding order would result in the denial of constitutional and statutory rights to a speedy trial (See *Sykes* v. *Superior Court* (1973) 9 Cal.3d 83 [106 Cal.Rptr. 786, 507 P.2d 90].) The People meet the thrust of this contention by arguing that the remanding order voided the information and that on resubmission a new information would be filed, thus starting anew the running of time as to a speedy trial.

of the motion. (§ 997.) We cannot in the instant case, however, imply a granting of the motion when the respondent expressly refused to even consider it. We are thus compelled to the conclusion that on the record the respondent court did not proceed in compliance with section 997 and 998.

Even if we assume, arguendo, that the court purported to act in compliance with sections 997 and 998, the magistrate nevertheless cannot proceed to take any action thereunder which would fortify the record against petitioner's attack that it fails to establish that he was committed upon reasonable or probable cause.

Section 997, which authorizes a "resubmission," does not specify the purposes for which a cause may be resubmitted after the granting of a motion to set aside an information. It is, however, established that a cause may be resubmitted for the purpose of correcting a procedural irregularity or to correct an inadvertence which is clerical in nature. Thus in *People* v. *Norman, supra,* 62 Cal.App. 219, the defendants were held to answer after a preliminary hearing for driving an automobile without the owner's consent, which finding by the magistrate failed to describe any felony. An information was thereafter filed charging defendants with the felony of operating an automobile "upon the public highway" without the owner's consent. After a hearing on a motion to set aside the information on the ground that defendants were not legally committed, the superior court ordered the transmittal of the pleadings to the magistrate for correction of the commitment and for recertification to the trial court. On appeal from the judgment on a corrected information the appellate court held that the trial court could have concluded that the failure to include the words "upon a public highway" was but a "technical omission" and such oversight was properly corrected by resubmission to the magistrate pursuant to section 997. (See also *People* v. *Lane* (1894) 101 Cal. 513, 515 [36 P. 16]; *People* v. *Turner* (1915) 28 Cal.App. 766, 768-769 [154 P. 34]; cf. *Ex parte Newell* (1922) 188 Cal. 508, 510 [206 P. 61].)

In *Ex parte Fowler* (1907) 5 Cal.App. 549 [90 P. 958], an order of commitment omitted the words "with malice aforethought" which were necessary to a full description of the crime of assault with a deadly weapon with intent to commit murder. This "mere irregularity" was corrected by resubmitting the matter to the magistrate after granting a motion to set aside the information. The court cautioned, however: "Of course, we are not to be understood as suggesting that a magistrate, after once committing an accused for a certain offense, may thereafter change his order and commit him for another and distinct offense." (*Id.,* at pp. 554-555.)

A different result follows, however, when the defect in a commitment is judicial in nature, that is, the result of a judicial act. Such a defect cannot be cured by the resubmission of the cause to the magistrate. Thus, in *People* v. *Bomar* (1925) 73 Cal.App. 372 [238 P. 758], a defendant was charged in a complaint with four counts of grand larceny. He was held to answer, however, on only two of the counts. An information was thereafter filed charging him not only with those two counts but with the two additional counts on which the magistrate had not held him to answer. After the defendant moved to set aside the information the prosecutor procured from the magistrate an amended order of commitment which held the defendant to answer to all of the counts charged in the information. The motion to set aside was denied as to each count and the defendant was thereafter convicted of two of the counts.

In reversing the convictions the appellate court stated that the "determination by a magistrate of the question as to whether the testimony before him shows that a certain crime has been committed, is a judicial act. . . . If the magistrate, in the consideration of such testimony, arrives at and pronounces an erroneous conclusion as to the crime committed thereby, it is on his part a judicial error which is beyond his power to correct. 'Notwithstanding the power of the court to correct by amendment its inadvertent acts where they are of such a nature as to be regarded as mere clerical misprisons, it is undoubtedly true that judicial error may not be thus corrected, but must be remedied in another way, as by motion for a new trial or on appeal.' " (*Id.*, at p. 377.) The court concluded that "The appellant never having been legally committed, the judgment and order appealed from are reversed with directions to the trial court to grant appellant's motion to set aside the information." (*Id.*, at p. 378.)

It cannot be disputed that in the instant case the magistrate's order of commitment was a judicial act—a determination by the magistrate that *on the testimony presented* at the preliminary hearing petitioner should be held to answer. If that determination was erroneous it was judicial error which was properly challenged on the motion made before respondent court to set aside the information. If the magistrate should be permitted to receive additional testimony in an effort to bolster the People's case before the commitment is tested by a hearing on a motion under section 995, it would, in effect, empower him to correct his own judicial error. Agreeing with the holding in *Bomar* we conclude that the device employed by respondent court is not permissible under section 997 for it would in effect afford a magistrate an opportunity to cure his own judicial error.[7]

---

[7]We do not express any view herein as to whether there is or is not reasonable or

Accordingly in the instant case we hold that the magistrate could not receive additional testimony on the merits, and any new commitment would have the same defects, if any, as now exist in the present commitment and information. (See *Ex parte Baker* (1891) 88 Cal. 84, 85 [25 P. 966].)[8]

The People also argue that the challenged procedure is one which effectively accomplishes justice without the denial of fundamental rights and, at the same time effects judicial economy and provides an accused a more timely final determination on the merits. Such arguments are more properly addressed to the Legislature and we decline to consider them.

Let the peremptory writ issue as prayed for.

McComb, J., Tobriner, J., Mosk, J., Sullivan, J., Clark, J., and Burke, J.,* concurred.

---

probable cause for petitioner's commitment. Neither the parties nor the court have addressed themselves to that issue on this proceeding and we are unwilling to resolve that issue in the absence of argument as to the facts and law. Petitioner seeks only an order compelling the respondent court to conduct a hearing and make a determination on the issue.

[8]There is yet a further reason why the procedures here employed fail to comply with legal requirements. Section 861 provides that a preliminary examination "must be completed at one session, unless the magistrate, for good cause shown by affidavit, postpones it. The postponement cannot be for more than two days at each time, nor more than six days in all, unless by consent or on motion of the defendant." If the magistrate undertook to accomplish the purpose of the remand it is clear that the preliminary examination would not have been completed in one session (see *In re Karpf* (1970) 10 Cal.App.3d 355, 365-366 [88 Cal.Rptr. 895]) and, neither the affidavit nor the time limitation requirements of section 861 being complied with, the order of commitment and information thereon would be vulnerable to attack on the basis that petitioner had "not been legally committed by a magistrate." (§ 995; see also *People* v. *Castagnola* (1972) 28 Cal.App.3d 882, 887-888 [105 Cal.Rptr. 62].)

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.