[No. D021850. Fourth Dist., Div. One. June 28, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
THOMAS EUGENE SILVA, JR., Defendant and Respondent.

COUNSEL

Paul J. Pfingst, District Attorney, Thomas F. McArdle and Richard J. Sachs, Deputy District Attorneys, for Plaintiff and Appellant.

Robinson & Sterling and Patricia W. Robinson for Defendant and Respondent.

OPINION

HUFFMAN, J.—This case presents a unique problem created by the efforts of the trial courts to coordinate the work of the municipal and superior courts in criminal cases. Here, the same superior court judge sat as a magistrate at the preliminary examination and later as a superior court judge after the bindover and filing of an information. Apparently, confusing the statutory authority of the magistrate under Penal Code[1] section 17, subdivision (b)(5), the court purported to grant a motion to reduce a so-called "wobbler" offense to a misdemeanor before the adjudication of guilt. Regardless of the role in which the trial court perceived itself to act, it was without jurisdiction to grant the motion. We therefore reverse.

STATEMENT OF FACTS

This appeal, brought by the People, arises from a case in which Thomas Eugene Silva, Jr., was charged with a single count of burglary of a vehicle within the meaning of section 459. It was also alleged that he had suffered two prior serious or violent felony convictions within the meaning of section 667, subdivision (b) et seq. On June 8, 1994, the case was assigned to the Honorable Jesus Rodriguez, a superior court judge sitting by assignment of the Chairperson of the Judicial Council as a magistrate of the Municipal Court for the South Bay Judicial District.

Following the preliminary examination, Silva was "bound over," i.e., he was ordered to appear in the superior court. Prior to the bindover, counsel for Silva advised the court he wanted to make a motion to reduce the offense pursuant to section 17, subdivision (b)(5), but had not yet had the time to prepare a written motion. The court indicated it would reserve the ruling on the motion until a later date. Defense counsel advised the court his office had been making similar motions and requesting that they be heard before arraignment in the superior court. The court ultimately said, "Okay. So, in

---

[1] All statutory references are to the Penal Code unless otherwise specified.

other words, the motion will be heard before the arraignment on the information. So the arraignment on the information is July the 11th and that's your—your hearing motion date regarding what you're going to file with regards to the [section] 17(b) or any other motions that you have. . . ."

The district attorney filed an information on June 20, 1994, alleging one count of burglary of a vehicle and two section 667, subdivision (e) priors.

On July 11, 1994, the trial court granted the motion to reduce the offense to a misdemeanor. Silva promptly offered a change of plea form on the forms of the Municipal Court for the South Bay Judicial District. The court accepted the plea and sentenced the defendant to 365 days local custody. The sentence was recorded on the minutes of the San Diego County Superior Court.

## DISCUSSION

■ The People contend the court could not "reserve" a motion to reduce a felony offense to a misdemeanor to be heard on a time after the bindover. They further contend the jurisdiction of the municipal court ended when Silva was ordered to answer in the superior court.

■ When a felony complaint is filed in the municipal court, the judges of that court gain jurisdiction over the matter to sit as magistrates for a variety of purposes, including conducting a preliminary examination to determine whether probable cause exists to believe the defendant committed a felony offense. (§ 866, subd. (b).) When the magistrate determines there is sufficient evidence to believe the defendant committed a felony, it is the duty of the magistrate to hold such person to answer in the superior court in accordance with the provisions of section 872. When the municipal court judge sitting as a magistrate makes such order, the court loses jurisdiction over the charges. (*People* v. *Bomar* (1925) 73 Cal.App. 372, 377 [238 P. 758].)

"At the conclusion of the examination, the law requires that if it appears to the magistrate that a public offense has been committed and there is sufficient cause to believe the defendant guilty thereof, he must make or indorse on the complaint an order signed by him to that effect. In making this order, the magistrate has exhausted all the power in the premises with which he has been invested by law. Any attempt on his part thereafter to modify this order, either under the direction of the superior court or upon his own motion, except to correct the same in matter of form, is beyond his power and jurisdiction." (*People* v. *Bomar*, *supra*, 73 Cal.App. at p. 377.) The

Supreme Court later reviewed the *Bomar* decision and cited it with approval on a similar point in *Burnett* v. *Superior Court* (1974) 12 Cal.3d 865, 873 [117 Cal.Rptr. 556, 528 P.2d 372].

 In this instance, the trial court purported to reduce this offense to a misdemeanor in accordance with section 17, subdivision (b)(5), clearly attempting to continue in the court's somewhat fluid role as a magistrate of the Municipal Court for the South Bay Judicial District. (See, e.g., *Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119 [95 Cal.Rptr. 524, 485 P.2d 1140].) We believe the plain language of section 17, subdivision (b)(5) deprives the court of such authority. That section provides:

"(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(5) *When, at or before the preliminary examination or prior to the filing of an order pursuant to Section 872*, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." (Italics added.)

Here, the court, on June 8, while acting as a magistrate, held Silva to answer within the meaning of section 872. An information charging a felony offense was later filed in the San Diego Superior Court, thereby vesting jurisdiction in the superior court to deal with the charges in this case. (*People* v. *Nation* (1952) 108 Cal.App.2d 829, 831 [239 P.2d 891]; 4 Witkin, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2053, p. 2419.) Thus, the case was properly before the superior court and therefore the municipal court and its magistrates had no jurisdiction over the charges. Section 17, subdivision (b)(5) simply was not applicable and the events had not yet occurred to trigger the superior court's authority to consider reduction to a misdemeanor under section 17, subdivision (b)(1) or (3).

Silva argues the prosecutor waived any objection to the trial court's purported grant of the motion to reduce the offense. Finding, however, as we do, there was no jurisdiction in any magistrate status the trial court might have held, the court lacked the power to invoke any portion of section 17, subdivision (b). It is axiomatic that lack of jurisdiction is not waived and can be raised at any time. (*Resolution Trust Corp.* v. *Winslow* (1992) 9 Cal.App.4th 1799, 1809 [12 Cal.Rptr.2d 510].)

We thus find the trial court erred in granting Silva's motion to reduce the offense to a misdemeanor pursuant to section 17, subdivision (b)(5). Since

Silva relied on the reduction of the offense in pleading guilty, we must reverse the judgment with directions to set aside the guilty plea, arraign the defendant on the information, and set the case for further proceedings in the superior court.[2]

## DISPOSITION

The judgment is reversed. The matter is remanded to the superior court with directions to arraign the defendant on the information and set the case for further proceedings consistent with this opinion.

Work, Acting P. J., and Benke, J., concurred.

A petition for a rehearing was denied July 19, 1995.

---

[2]We express no opinion on the merits of the purported reduction of this offense to a misdemeanor. Whether or not a judge after any adjudication of guilt of this defendant may consider a request under section 17, subdivision (b)(1) or (3) is not before us.