THOMPSON, J.,
Dissenting. — I respectfully dissent. Penal Code section 17, subdivision (b)(3)[1] authorizes a court to declare “wobbler” offenses to be misdemeanors at any time during a single hearing in which a defendant pleads guilty and a court grants probation. It does not matter whether that declaration occurs immediately before or immediately after a defendant pleads guilty, unless unlawful judicial plea bargaining occurs as a result.
1. Relevant Procedural History
On November 21, 2013, the parties had an unreported chambers settlement conference. Defense counsel requested the court to exercise its discretion to reduce the wobblers to misdemeanors. The court indicated it was inclined to grant that request. The prosecutor was given time to file opposition.
On December 17, a hearing was held in open court. At the outset the court stated: “The defense has made an application for the court to consider reducing the entirety of the charges as to this defendant under [section] 17(b) of the Penal Code to a misdemeanor. I have an opposition filed by the People.”
The court next inquired, “Is it also the defense’s indication that you intend to plead guilty to a misdemeanor should the court do that?” Defense counsel stated: “Yes. I have the [guilty plea] forms in that regard prepared based on the court’s preliminary indication. I submitted those to the clerk.”
After hearing argument from defense counsel, the court said, “Deliver the Tahl form to the clerk, please.” (See In re Tahl (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) Defense counsel replied, “I submitted that.” Next, the court heard argument from the prosecutor, and further argument from defense counsel and the prosecutor.
Following argument, the court ruled: “The court adopts all reasons in the brief and as stated by both sides as reasons to do what I am about to do. I declare all counts to be misdemeanors under [section] 17(b) slash 18 [sic] of the Penal Code.”
*1211 The court then said, “It doesn’t look like the defendant has signed up.” Defense counsel replied, “He hasn’t sign [sic] a probation page.” The court responded in part, “I want you to execute the final [probation] page.” Immediately thereafter, the court took the guilty plea, suspended imposition of sentence, and granted Alireza Jalalipour probation.
2. Section 17, Subdivision (b)(3)
Section 17, subdivision (b)(3) (section 17(b)(3)), authorizes a court to declare wobblers to be misdemeanors “at the time of granting probation.” We are required to give these “words their ordinary and usual meaning and [view] them in their statutory context.” (Alcala v. Superior Court (2008) 43 Cal.4th 1205, 1216 [78 Cal.Rptr.3d 272, 185 P.3d 708].)
Consistent with these requirements, the words “at the time of granting probation” have been construed to mean at any time during a single hearing in which a defendant pleads guilty and a court grants probation. (Cf. People v. Douglas (1999) 20 Cal.4th 85, 96-97 [82 Cal.Rptr.2d 816, 972 P.2d 151] (dis. opn. of Kennard, J.).) This is correct because the Legislature set no limit on when during that hearing a court must make the declaration. (Id. at p. 99 (dis. opn. of Kennard, J.).)
Here, the court declared the wobblers to be misdemeanors, accepted Jalalipour’s guilty plea, and granted probation, all in a single hearing. Therefore, the court’s action declaring the wobblers to be misdemeanors was legally inseparable from and occurred “at the time of granting probation” as authorized by section 17(b)(3).
None of the cases cited by the majority hold otherwise. People v. Silva (1995) 36 Cal.App.4th 231 [43 Cal.Rptr.2d 8] held the trial court erred by granting the defendant’s motion pursuant to section 17, subdivision (b)(5), but said nothing about section 17(b)(3). In fact, the Silva court expressly stated, “a request under section 17, subdivision (b)(1) or (3) is not before us.” (Silva, at p. 236, fn. 2.)
People v. Booker (1994) 21 Cal.App.4th 1517 [26 Cal.Rptr.2d 715] is equally inapposite. The trial court in Booker did not rely on section 17, subdivision (b), and the defendants “did not seek a determination under section 17, subdivision (b) that the offenses are punishable only as misdemeanors.” (Booker, at p. 1521, fn. omitted.)
Likewise, insofar as is relevant here, People v. Superior Court (Alvarez) (1997) 14 Cal.4th 968, 973, footnote 2 [60 Cal.Rptr.2d 93, 928 P.2d 1171], merely confirms, “No provision of section 17, subdivision (b), authorizes the *1212 superior court judge to [declare a wobbler to be a misdemeanor] prior to judgment or a grant of probation.” (Italics added.)
The majority makes a court’s authority under section 17(b)(3) turn on whether the words declaring the wobblers to be misdemeanors are spoken immediately before or immediately after a defendant pleads guilty. However, the majority cites no case, statute or rule which supports a “before and after” distinction in construing section 17(b)(3), and it makes no sense in this statutory context. There is no reason why the Legislature would grant authority in one situation and not the other.
The majority asserts the real question is whether the Legislature authorized a court to exercise its section 17(b)(3) discretion before an adjudication of guilt, whether by way of plea or trial. But if guilt adjudication were intended to be the touchstone, then why did the Legislature authorize a magistrate to declare wobblers to be misdemeanors without requiring guilt adjudication, up to 60 days before a preliminary examination occurs? (§ 859b; cf. § 17(b)(3), & id., subd. (b)(5).) Surely a magistrate is not in a better position to perform a judicial check on the exercise of prosecutorial discretion before a preliminary examination than a judge is after a preliminary examination.
3. Indicated Sentence
The majority also holds the court engaged in unlawful judicial plea bargaining, since the court went beyond merely promising to reduce the wobblers to misdemeanors if Jalalipour pleaded guilty, and actually did so before taking his plea. But a court can lawfully indicate a sentence which contemplates the exercise of its discretion to declare wobblers to be misdemeanors under section 17, subdivision (b). (People v. Clancey (2013) 56 Cal.4th 562, 579-580 [155 Cal.Rptr.3d 485, 299 P.3d 131] (Clancey).) And, as discussed above, the court here properly declared the wobblers to be misdemeanors at the time of granting probation as authorized by section 17(b)(3). Thus, no unlawful judicial plea bargaining occurred.
Ironically, if the court had followed the majority holding and required Jalalipour to plead guilty to the wobblers as felonies, as a condition to exercising its discretion to make them misdemeanors under section 17(b)(3), then the lawful indicated sentence might have become an unlawful plea bargain. The relative certainty of a misdemeanor sentence now, rather than a potential felony sentence later, could be a powerful but prohibited “ ‘inducement in return for a plea of guilty.’ ” (Clancey, supra, 56 Cal.4th at p. 575.) Recognizing “an indicated sentence is not a promise . . .” (id. at p. 576), no rational guilty defendant would ever take the risk that a court would change its mind.
*1213 Finally, it made no difference whether Jalalipour pleaded guilty to the charged offenses as felonies or as misdemeanors. These wobblers are subject to the general rule rather than any of the offense specific exceptions noted by the majority. Consequently, once the charged offenses were reduced to misdemeanors under section 17(b)(3) they became misdemeanors for all purposes. (§ 17, subd. (b); People v. Park (2013) 56 Cal.4th 782, 793-795 [156 Cal.Rptr.3d 307, 299 P.3d 1263].) They did not constitute prior felony convictions. (People v. Camarillo (2000) 84 Cal.App.4th 1386, 1390 [101 Cal.Rptr.2d 618].)
4. Conclusion
I believe the court acted within its authority under section 17(b)(3), and we should consider whether the court abused its discretion as the People contend.

 All further statutory references are to the Penal Code.