# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Petitioner,
v.
THE SUPERIOR COURT OF VENTURA COUNTY,
Respondent;
RICHARD ALLEN MITCHELL,
Real Party in Interest.

S281950

Second Appellate District, Division Six
B326653

Ventura County Superior Court
2018009315

December 12, 2024

Chief Justice Guerrero authored the opinion of the Court, in which Justices Corrigan, Liu, Kruger, Groban, Jenkins, and Evans concurred.

PEOPLE v. SUPERIOR COURT (MITCHELL)

S281950

Opinion of the Court by Guerrero, C. J.

In this matter, we consider (1) the scope and limits of the People's ability to challenge a trial court order in pretrial criminal proceedings by appeal or petition for writ of mandate and (2) the duration and effect of a temporary stay ordered by an appellate court in writ proceedings.

In 2018, Richard Allen Mitchell was charged with one felony count of resisting an executive officer (Pen. Code, § 69, subd. (a)) and one misdemeanor count of possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)). The prosecution alleged, among other things, that Mitchell had a prior "strike" conviction for battery with serious bodily injury. (Pen. Code, §§ 243, subd. (d), 667, subd. (d)(1).) Five years later, with a jury trial about to begin, the trial court ordered that the felony count be reduced to a misdemeanor, ostensibly under Penal Code section 17, subdivision (b).[1] The court then granted a defense motion to continue the trial and referred the matter for screening for entry into a veterans court program.

_____

[1] Among other things, Penal Code section 17, subdivision (b) identifies circumstances in which a court may declare an alternative felony-misdemeanor offense (or "wobbler") that has been charged as a felony to be a misdemeanor. Resisting an executive officer is such an offense. Subsequent statutory references are to the Penal Code unless otherwise specified.

The People, represented by the Ventura County District Attorney, sought review of the trial court's order by filing both an appeal and a petition for writ of mandate in the Court of Appeal. In his petition, the district attorney argued that the trial court had no statutory authority to reduce the felony charge to a misdemeanor prior to sentencing. He prayed for a writ directing the trial court to vacate its order and reinstate the felony charge. The Court of Appeal stayed further proceedings in the trial court and issued an order to show cause why the relief sought by the district attorney should not be granted. The appeal proceeded separately.

Following briefing on the order to show cause, the Court of Appeal held that the trial court's order was unauthorized and granted the requested relief. (*People v. Superior Court* (*Mitchell*) (2023) 94 Cal.App.5th 595, 598–599 (*Mitchell*).) In addition to the merits of the trial court's order, the Court of Appeal focused on the threshold issue of appealability. It held that the order was appealable by the People under two statutory provisions, either as an order setting aside a portion of the charging document (here, an information) or an order dismissing or otherwise terminating a portion of the action. (*Id.* at p. 605; see § 1238, subd. (a)(1), (8).) Further, because the Court of Appeal held the order was appealable, it determined that the order was also challengeable by petition for writ of mandate in an appropriate circumstance. The Court of Appeal disagreed with an earlier opinion by the same district and division, which had held that an identical order was not appealable. (*Mitchell*, at p. 599; see *People v. Bartholomew* (2022) 85 Cal.App.5th 775, 778 (*Bartholomew*).)

We considered a similar question of appealability in *People v. Williams* (2005) 35 Cal.4th 817 (*Williams*). There, the People

attempted to appeal a magistrate's order declaring a wobbler offense charged as a felony to be a misdemeanor. (*Id.* at p. 820.) We held that such an order was not appealable. (*Id.* at p. 830.) We rejected the People's argument that the order " 'effectively dismissed the felony offenses and precludes the People from pursuing them,' and thus is appealable because it set aside, or dismissed, or otherwise terminated all or part of the action." (*Ibid.*) To the contrary, we concluded that the order "did not preclude the People from prosecuting the wobbler offenses charged against defendant; it simply determined that these offenses were misdemeanors rather than felonies." (*Ibid.*)

The Court of Appeal below believed *Williams* was distinguishable because the order in *Williams* occurred at the preliminary hearing and was authorized by statute (§ 17, subd. (b)(5)), whereas the order here occurred after the preliminary hearing and was therefore unauthorized. (*Mitchell, supra*, 94 Cal.App.5th at p. 603.) We disagree. The reasoning of *Williams* rests on the nature and effect of the order, and it applies equally whether the order is authorized by statute or not. An order reducing a wobbler offense charged as a felony to a misdemeanor is "not '[a]n order setting aside all or any portion of the indictment, information, or complaint' within the meaning of subdivision (a)(1) of section 1238, nor [is] it '[a]n order or judgment dismissing or otherwise terminating all or any portion of the action' under subdivision (a)(8) of section 1238." (*Williams, supra*, 35 Cal.4th at p. 830.) This conclusion is unaffected by the unauthorized nature of the order here.

Nonetheless, the inability to appeal does not necessarily demonstrate that the Court of Appeal erred in granting writ relief. Even where the People cannot appeal, writ review is

available "when a trial court has acted in excess of its jurisdiction and the need for such review outweighs the risk of harassment of the accused." (*People v. Superior Court* (*Stanley*) (1979) 24 Cal.3d 622, 626 (*Stanley*).) An act in excess of jurisdiction may be found where the trial court's order is not authorized by statute. (*People v. Superior Court* (*Edmonds*) (1971) 4 Cal.3d 605, 609 (*Edmonds*).) Here, it is clear the order reducing the charged felony to a misdemeanor was unauthorized. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 973, fn. 2 (*Alvarez*).) Writ review of such an unauthorized order would therefore be warranted where the balance of interests weighs in favor of review.

However, given the unusual procedural circumstances of this matter, we decline to address the balance of interests here. (See Cal. Rules of Court, rule 8.516(b)(3).) These unusual circumstances give rise to the second issue before us, concerning the duration and effect of the Court of Appeal's temporary stay. After we granted review, the district attorney informed this court that the trial court had already acted in accordance with the Court of Appeal's opinion. At the request of the prosecution, and notwithstanding the Court of Appeal's temporary stay, the trial court reinstated the felony charge against Mitchell. In subsequent proceedings, the prosecution moved to reduce the felony charge to a misdemeanor, thus agreeing to the very result the People challenged by the writ petition at issue here. Mitchell then pleaded guilty to both counts (now misdemeanors), and the trial court imposed a modest fine and sentenced him to time served.

Believing the case to be moot, the district attorney moved to dismiss review in this court. We denied the motion but directed the parties to address in their briefing the significance

of the Court of Appeal's temporary stay on the further proceedings in the trial court.

The parties now agree that the trial court's actions violated the temporary stay ordered by the Court of Appeal. The prosecution acted improperly by seeking to recommence the criminal proceedings against Mitchell. The Court of Appeal did not issue any order lifting the temporary stay, and the mere filing of the Court of Appeal's opinion had no effect on the stay. The parties further agree that the trial court lacked jurisdiction to reinstate the felony charge, accept Mitchell's change of plea, or enter judgment. These further proceedings in the trial court are void, and they do not moot the judgment of the Court of Appeal.

Because we hold that the trial court's order was potentially subject to review as an order in excess of jurisdiction, but we decline to consider whether the Court of Appeal reasonably determined that writ relief was proper, the correct disposition is to affirm its judgment. However, given the length of time the charges against Mitchell have been pending, the district attorney states he would be "open" to an order barring further litigation of the charges against Mitchell. While such an order appears reasonable under the circumstances, the parties have not identified any mechanism for this court to order such relief. Upon receipt of the remittitur, the trial court should consider whether to dismiss the charges in the interest of justice. (§ 1385.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The charges against Mitchell arose from an altercation with police on April 21, 2016. According to preliminary hearing testimony, police officers went to a residence in Simi Valley,

California to investigate a report of domestic violence. The dispatcher told officers that a woman was screaming for help and saying, "Please hurry" and "He's going to kill me." A woman at the residence had a red mark above her left eye, and she told an officer that Mitchell had punched her. Mitchell was in a side yard, and he appeared to be under the influence of a controlled substance. The officers told Mitchell they wanted to speak with him. As the officers approached, Mitchell assumed a "fighting stance." One officer knew from previous contacts that Mitchell commonly carried a knife. The officer attempted to grab Mitchell's arm, but Mitchell spun away. As the officer approached Mitchell again, Mitchell kicked the officer in the left knee and right shin. A second officer wrestled with Mitchell, and together with the first officer they were able to handcuff him. Officers recovered a knife and a clear plastic bag containing a crystalline substance from Mitchell's pants pockets. The substance tested presumptively positive for methamphetamine.

At the conclusion of the preliminary hearing, the magistrate found sufficient cause to believe Mitchell had committed the charged offenses. The People filed an information reflecting again one felony count of resisting an executive officer (§ 69, subd. (a)) and one misdemeanor count of possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)). The information further reflected a number of prior conviction allegations, including that Mitchell had a prior "strike" conviction for battery with serious bodily injury. (Pen. Code, §§ 243, subd. (d), 667, subd. (d)(1).)

Four and a half years later, after several pretrial motions and a number of continuances, the parties announced they were ready for trial. Following motions in limine, defense counsel

"inquir[ed]" whether Mitchell could plead guilty to the misdemeanor possession charge, if the prosecution would dismiss the felony charge of resisting an executive officer. The prosecutor declined the offer, and the trial court said it had no authority to force such a bargain. However, the court observed it had been a long time since the offenses were committed, and it asked whether Mitchell had committed any additional offenses since then. Defense counsel said she was unaware of any charges or convictions, other than another misdemeanor drug possession charge in 2018. The court stated it was "contemplating" a reduction under section 17, subdivision (b) of the charge alleging resistance against an executive officer "in light of what seems to be an absence of misbehavior since then." The offense of resisting an executive officer is an alternative felony-misdemeanor offense (or wobbler), which the prosecution had charged as a felony. Section 17, subdivision (b) authorizes a court to declare such an offense to be a misdemeanor for all purposes under certain situations. The court observed that such a declaration "would, of course, be over the People's objection."

During a recess, the trial court reviewed the preliminary hearing transcript and the available information regarding Mitchell's prior criminal history. When the hearing resumed, the prosecutor informed the court that, in addition to the charge referenced by defense counsel, Mitchell had been arrested and convicted of misdemeanor drug possession in 2018 in Los Angeles County. Mitchell had also been arrested but not charged for two more drug-related offenses in Ventura County in 2018.

After some preliminary remarks, the court made the following ruling: "Given what I know of his criminal history and specifically his history since this offense, and the age of the

offense which is nine years ago, the Court is satisfied it would be appropriate to grant a defense motion, or the Court's own motion for that matter, to reduce [the felony charge] to a misdemeanor pursuant to Penal Code section 17(b) . . . . That is the ruling of the Court over the People's strong objection." The court noted that Mitchell's maximum exposure was now 365 days in county jail, and it asked what Mitchell wanted to do. Mitchell requested a continuance of trial, now that it was a misdemeanor case, so that he could be screened for participation in a veterans court program. (§ 1170.9.) The court granted the continuance and referred Mitchell for possible participation in the program.[2]

As noted, the People appealed the court's order and filed a petition for writ of mandate with a request for an immediate stay. In his petition, the district attorney argued that the trial court had acted "beyond [its] power and jurisdiction" by declaring the wobbler offense to be a misdemeanor after the preliminary hearing but before sentencing, in circumstances not authorized by section 17, subdivision (b). The district attorney sought a peremptory writ of mandate directing the trial court to vacate its order and to reinstate the charge as a felony.

Three days after the petition was filed, the Court of Appeal ordered a temporary stay of the trial court proceedings: "Pending this court's review of the writ petition, we grant a temporary stay of further proceedings in the superior court in *People v. Richard Allen Mitchell*, Ventura County Superior

---

[2] Section 1170.9 is not itself limited to misdemeanor defendants. (§ 1170.9, subd. (a).) However, at oral argument, Mitchell's counsel stated that the Ventura County veterans court is open only to individuals facing misdemeanor charges.

Court Case No. 2018009315." Five weeks after that, the Court of Appeal issued an order to show cause "why the relief prayed for in the petition for writ of mandate should not be granted."

After briefing and argument, the Court of Appeal granted relief in a published opinion. (*Mitchell*, *supra*, 94 Cal.App.5th at p. 599.) It recounted the procedural history of the writ proceedings and identified the related appeal. (*Id.* at pp. 599–600.) The Court of Appeal stated that it had "stayed further proceedings in the superior court" but did not otherwise address the temporary stay. (*Id.* at p. 600.) On the merits, the Court of Appeal held that the trial court's order was not authorized by statute. (*Ibid.*) The order did not conform to the circumstances identified in section 17, subdivision (b) and there was no other statutory authority for the order. (*Mitchell*, at pp. 600–601.)

Regarding appealability, the Court of Appeal began with the well-settled principle that " '[t]he prosecution in a criminal case has no right to appeal except as provided by statute.' " (*Mitchell*, *supra*, 94 Cal.App.5th at p. 601.) It noted that section 1238, subdivision (a)(1) and (8) allow the prosecution to appeal an order setting aside a portion of a criminal complaint or information and an order dismissing or otherwise terminating a portion of the action. (*Mitchell*, at p. 601.) In its view, "When the superior court reduced the felony wobbler to a misdemeanor, it actually set aside or terminated a 'portion' of the information or action. The 'portion' set aside or terminated was the wobbler's felony attributes." (*Ibid.*) The Court of Appeal recognized this court's apparently contrary holding in *Williams* that such an order "does *not* set aside or terminate a portion of the complaint or action within the meaning of section 1238," but it found *Williams* to be distinguishable. (*Id.* at p. 602, italics added.) The order at issue in *Williams* was

authorized by statute, whereas the order here was unauthorized. (*Id.* at pp. 603–604.) The Court of Appeal construed section 1238, subdivision (a)(1) and (8) as "permitting the People to appeal from the superior court's postpreliminary hearing, pretrial order reducing the felony wobbler to a misdemeanor because the unauthorized order was tantamount to a dismissal of the felony offense." (*Mitchell*, at p. 605.) The Court of Appeal granted the requested writ and indicated it would dismiss the related appeal as moot. (*Id.* at p. 607.)

Mitchell petitioned for this court's review. While Mitchell's petition for review was pending, and without the Court of Appeal having issued its remittitur, the prosecution invited the trial court to act on the Court of Appeal's opinion. It submitted a proposed order stating that the court "has jurisdiction over this matter" and summarizing *Mitchell*'s holding. The proposed order quoted the opinion's disposition: " 'Let a peremptory writ of mandate issue directing the Superior Court of Ventura County to vacate its order reducing the felony wobbler to a misdemeanor and to reinstate the felony charge.' (*Mitchell*, *supra*, 94 Cal.App.5th at [p.] 607.)" It then proposed that the trial court follow this direction.

The trial court adopted the prosecution's proposed order, vacated its earlier order reducing the wobbler offense to a misdemeanor, and reinstated the felony charge. However, a month later — while Mitchell's petition for review was still pending in this court — the prosecution moved to reduce the felony charge back to a misdemeanor. The court granted the motion and accepted Mitchell's guilty pleas to the charged offenses, now both misdemeanors. The court imposed a $150 fine and various fees, and it sentenced Mitchell to nine days in jail, which Mitchell had already served.

Seven days after Mitchell's guilty pleas and sentencing, this court granted his petition for review of the Court of Appeal's earlier opinion. We directed the parties to brief and argue the following issues: "(1) Does Penal Code section 1238 authorize an appeal by the People from a superior court's post-preliminary hearing, prejudgment order reducing a felony 'wobbler' offense to a misdemeanor? (2) If not, may the People obtain review of the order by petition for extraordinary writ?" Our order included the advisement that "[t]he stay ordered by the Court of Appeal remains in effect."

As noted, the district attorney moved to dismiss review. He argued that the issues were moot in light of subsequent proceedings in the trial court, which "fully resolved" the criminal charges against Mitchell. In opposition, Mitchell did not directly dispute that the matter was moot. Instead, he invited this court to exercise its discretion to decide the case, notwithstanding any potential mootness.

We denied the district attorney's motion. But in our denial order, we directed the parties to brief and argue two additional issues: "(1) In the absence of further order or other direction, when does a Court of Appeal's temporary stay of superior court criminal proceedings against a defendant expire? (2) If the temporary stay issued by the Court of Appeal had not expired at the time of defendant's guilty plea, what was the effect, if any, of the stay on the resolution of defendant's criminal proceedings?"

## II. DISCUSSION

### A. Trial Court Discretion Under Penal Code Section 17

Section 17, subdivision (a) identifies three classes of criminal offenses in California: felonies, misdemeanors, and infractions. "A felony is a crime that is punishable with death, by imprisonment in the state prison, or, notwithstanding any other law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." (§ 17, subd. (a).) "There is, however, a special class of crimes involving conduct that varies widely in its level of seriousness. Such crimes, commonly referred to as 'wobbler[s]' [citation], are chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor . . . ." (*People v. Park* (2013) 56 Cal.4th 782, 789 (*Park*).)

Section 17, subdivision (b) identifies the circumstances in which a wobbler offense will be treated as a misdemeanor. One circumstance lies within the discretion of the prosecuting attorney. Unless a defendant objects, a wobbler offense is a misdemeanor for all purposes when "the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor." (§ 17, subd. (b)(4).) This circumstance is not relevant here because the wobbler offense charged against Mitchell was identified in the complaint as a felony.

The remaining circumstances confer discretion on the court. They "outline[] the procedural mechanisms" by which a magistrate or trial court "may classify an offense as a misdemeanor." (*Alvarez, supra,* 14 Cal.4th at p. 974, fn. 4.)

Section 17, subdivision (b)(5) authorizes a magistrate to reduce a wobbler offense charged as a felony to a misdemeanor at or before a preliminary hearing or before holding the defendant to answer on the charge. Section 17, subdivision (b)(1) and (3) authorize a trial court to order such a reduction at sentencing. Under the former, a wobbler charged as a felony will be treated as a misdemeanor for all purposes if the court "impos[es] a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170." (§ 17, subd. (b)(1).) Under the latter, a wobbler charged as a felony will be treated as a misdemeanor for all purposes if "the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b)(3).) Similarly, section 17, subdivision (b)(2) authorizes a trial court to designate a wobbler offense as a misdemeanor "upon committing the defendant to the Division of Juvenile Justice."

Under these provisions, unless the magistrate declares the offense to be a misdemeanor at the preliminary hearing, " ' "[a] wobbler offense charged as a felony is regarded as a felony for all purposes until imposition of sentence or judgment. [Citations.] If state prison[3] is imposed, the offense remains a felony; if a misdemeanor sentence is imposed, the offense is thereafter deemed a misdemeanor." ' " (*People v. Tran* (2015)

---

[3] Under current law, following public safety realignment legislation, a wobbler will remain a felony if the trial court imposes a state prison term *or* a county jail term under section 1170, subdivision (h). (See § 17, subd. (b)(1).)

242 Cal.App.4th 877, 885.) If probation is granted, the offense will be a misdemeanor if the trial court declares it to be so at the time of granting probation or afterward. (*Ibid.*; see *Park*, *supra*, 56 Cal.4th at p. 793.)

"No provision of section 17, subdivision (b), authorizes the superior court judge to [declare a wobbler to be a misdemeanor] prior to judgment or a grant of probation." (*Alvarez*, *supra*, 14 Cal.4th at p. 973, fn. 2.) " '[S]ection 17 is sui generis. It specifically leaves the determination of the nature of the conviction to the discretion of the judge to be determined *at sentencing.*' " (*Id.* at p. 975.)

Thus, in *People v. Silva* (1995) 36 Cal.App.4th 231 (*Silva*), the appellate court found error where a trial court purported to declare a felony wobbler offense to be a misdemeanor after the preliminary hearing but before sentencing. "Section 17, subdivision (b)(5) simply was not applicable and the events had not yet occurred to trigger the superior court's authority to consider reduction to a misdemeanor under section 17, subdivision (b)(1) or (3)." (*Id.* at p. 235.) The trial court was therefore "without jurisdiction" to grant the defendant's motion seeking such relief. (*Id.* at p. 233.) Similarly, in *People v. Superior Court* (*Jalalipour*) (2015) 232 Cal.App.4th 1199, 1205 (*Jalalipour*), the appellate court found that the trial court "had no authority under section 17(b) to grant [the defendant's] motion at the point in the proceeding when it was heard." "No judgment, entry of a plea, or finding of guilt had occurred to bring subdivision (b)(1) or (3) into play. Nor did subdivision (b)(5) apply; the preliminary examination had already taken place and [the defendant] had been held to answer pursuant to section 872." (*Ibid.*) The order was therefore "unauthorized under section 17(b)." (*Ibid.*)

The Court of Appeal here correctly held that the trial court's order was unauthorized as well. (*Mitchell*, *supra*, 94 Cal.App.5th at p. 600.) The preliminary hearing had already occurred, so section 17, subdivision (b)(5) was inapplicable. Any sentencing was still to come, and it was only a possibility, since Mitchell had not been convicted or pled guilty. Section 17, subdivision (b)(1) and (3) were therefore inapplicable as well. As the Court of Appeal below explained, "There is no other statutory authority for the superior court's order reducing the felony wobbler to a misdemeanor over the People's objection. '[I]f [at the preliminary hearing] the magistrate finds the People have appropriately charged the defendant with a felony, the defendant is held to answer for the felony charge. [Citation]. Thereafter, [until sentencing] only the prosecution may reduce the charge, because the executive alone is entrusted with "[t]he charging function" and has the sole "prerogative to conduct plea negotiations." ' " (*Mitchell*, at p. 600.) The trial court had no authority to reduce the felony charge to a misdemeanor before it was called upon to exercise its discretion at sentencing.

## B. Appealability Under Penal Code Section 1238

Separate from the trial court's authority to enter such an order, however, is the People's ability to challenge it. The Court of Appeal held that the People had a statutory right to appeal the order. We disagree.

"The prosecution in a criminal case has no right to appeal except as provided by statute. [Citation.] 'The Legislature has determined that except under certain limited circumstances the People shall have no right of appeal in criminal cases. [Citations.] . . . [¶] The restriction on the People's right to appeal . . . is a substantive limitation on review of trial court

determinations in criminal trials.' [Citation.] 'Appellate review at the request of the People necessarily imposes substantial burdens on an accused, and the extent to which such burdens should be imposed to review claimed errors involves a delicate balancing of the competing considerations of preventing harassment of the accused as against correcting possible errors.' [Citation.] Courts must respect the limits on review imposed by the Legislature 'although the People may thereby suffer a wrong without a remedy.' " (*Williams*, *supra*, 35 Cal.4th at pp. 822–823.)

"Section 1238 . . . governs the People's appeals from orders or judgments of the superior courts." (*People v. Douglas* (1999) 20 Cal.4th 85, 89–90 (*Douglas*).) The People assert that two provisions of that statute are relevant here. First, section 1238, subdivision (a)(1) allows an appeal by the People from "[a]n order setting aside all or any portion of the indictment, information, or complaint." Second, section 1238, subdivision (a)(8) allows an appeal by the People from "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action."

In *Williams*, this court considered whether these two provisions authorized the People's appeal of an order made at the preliminary hearing declaring two wobbler offenses charged as felonies to be misdemeanors. (*Williams*, *supra*, 35 Cal.4th at p. 820.) The People argued that the order " 'effectively dismissed the felony offenses and precludes the People from pursuing them,' and thus is appealable because it set aside, or dismissed, or otherwise terminated all or part of the action." (*Id.* at p. 830.) We disagreed: "The magistrate's order under section 17(b)(5) did not preclude the People from prosecuting the wobbler offenses charged against defendant; it simply

determined that these offenses were misdemeanors rather than felonies." (*Ibid*.) "[T]he charged offense has been modified . . . , but it has not been dismissed or otherwise terminated." (*Id*. at pp. 831–832.)

As noted, the Court of Appeal below found *Williams* distinguishable. (*Mitchell*, *supra*, 94 Cal.App.5th at p. 603.) In *Williams*, the magistrate's order was authorized by section 17, subdivision (b)(5), whereas the trial court's order here was "without statutory authority." (*Mitchell*, at p. 603.) The Court of Appeal relied on our statement in *Williams* that we would not opine on the correctness of an earlier case, *People v. Booker* (1994) 21 Cal.App.4th 1517. (*Mitchell*, at pp. 602–603; see *Williams*, *supra*, 35 Cal.4th at p. 831, fn. 10.)

We disagree that *Williams* is distinguishable. The unauthorized nature of the trial court's order here has no bearing on whether it is an order setting aside a portion of the information or an order dismissing or otherwise terminating a portion of the action under section 1238, subdivision (a)(1) and (8). Just as in *Williams*, it is neither. The order "did not preclude the People from prosecuting the wobbler offenses charged against defendant; it simply determined that these offenses were misdemeanors rather than felonies." (*Williams*, *supra*, 35 Cal.4th at p. 830.) "[T]he charged offense has been modified . . . , but it has not been dismissed or otherwise terminated." (*Id*. at pp. 831–832.) As in *Williams*, we continue to express "no view" on the unique circumstances involved in *Booker*. (*Id*. at p. 831, fn. 10.)

The district attorney relies on *People v. Superior Court* (*Vidal*) (2007) 40 Cal.4th 999, 1003, which held that the People could appeal a trial court determination that a defendant was

ineligible for the death penalty because it was an order terminating a portion of the action under section 1238, subdivision (a)(8). But *Vidal* addressed and expressly distinguished *Williams*. We explained, "the magistrate's order [in *Williams*] did not terminate or preclude the People from pursuing any part of the action, but only modified the charges." (*Vidal*, at p. 1010.) By contrast, the court's order in *Vidal* "precluded the People from pursuing a distinct portion of the action, the trial on penalty." (*Ibid*.) *Vidal* does not support the district attorney's position.

The district attorney points out that we found orders under section 17, subdivision (b) appealable by the People in *Douglas*, *supra*, 20 Cal.4th 85 and *People v. Statum* (2002) 28 Cal.4th 682. Both of those opinions, however, involved orders made at sentencing and therefore implicated different statutory provisions. *Douglas* considered a trial court's order "made immediately after imposition of sentence was suspended and probation granted, declaring an alternative felony-misdemeanor offense . . . to be a misdemeanor under section 17, subdivision (b)(3)." (*Douglas*, at p. 88.) Because a grant of probation is generally considered a judgment for purposes of an appeal, the trial court's order was "[a]n order made after judgment, affecting the substantial rights of the people" (§ 1238, subd. (a)(5)) and was appealable by the People. (*Douglas*, at pp. 90–91.) *Statum* considered a trial court's decision at sentencing, after defendant's guilty plea to a wobbler charged as a felony, to declare the offense to be a misdemeanor and impose a county jail sentence under section 17, subdivision (b)(1). (*Statum*, at p. 686.) Because "[a] guilty plea is the 'legal equivalent' of a 'verdict' [citation] and is 'tantamount' to a 'finding' " (*id.* at p. 688, fn. 2), the trial court's "reduction of

defendant's felony conviction to a misdemeanor was an 'order modifying the verdict . . . by . . . modifying the offense to a lesser offense' " and was appealable by the People under section 1238, subdivision (a)(6). (*Statum*, at p. 688.) Neither *Douglas* nor *Statum* support the district attorney's position that the prejudgment (indeed, pretrial) order here is appealable.

The district attorney references several appellate court opinions where the People appealed from the trial court's sentencing decision, on the theory that a prior wobbler reduction order made the sentence "unlawful" and therefore appealable under section 1238, subdivision (a)(10). (See *People v. Trausch* (1995) 36 Cal.App.4th 1239, 1243, fn. 5; *People v. Vessell* (1995) 36 Cal.App.4th 285, 289; see also *People v. Prothero* (1997) 57 Cal.App.4th 126, 128; *People v. Carranza* (1996) 51 Cal.App.4th 528, 531.) These opinions are inapposite because the trial court here did not impose a sentence, lawful or unlawful. Finally, the district attorney relies on *Silva, supra,* 36 Cal.App.4th 231, but that appeal also followed sentencing. Moreover, the opinion did not discuss appealability at all. *Silva* does not aid the district attorney either.[4]

---

[4] The district attorney also cites *People v. McKee* (1968) 267 Cal.App.2d 509, 510, which considered the appealability of a trial court order directing the prosecution to file an amended information replacing the previously charged offense of murder with the offense of involuntary manslaughter. *McKee* concluded "that the court's order was for all intents and purposes a dismissal of the murder charge and should be so treated in this appeal." (*Id*. at p. 513.) It was therefore appealable as an order setting aside a portion of the information. (*Ibid*.; see § 1238, subd. (a)(1).) Here, unlike *McKee*, the trial court's order did not preclude the People from prosecuting the charged offense. It

The Court of Appeal below asserted, "It would be absurd to allow an appeal from the superior court's *statutorily authorized* order reducing a felony wobbler to a misdemeanor at the time of sentencing or after suspending the imposition of judgment and granting probation, but to bar an appeal from the court's *unauthorized* pretrial order accomplishing the same result." (*Mitchell, supra,* 94 Cal.App.5th at p. 605.) But the procedural posture of the proceedings matters. Among other things, the People's appeal from a pretrial order carries with it the potential for prejudicial delay in a way that the People's appeal following trial does not. As we explained in *Williams,* "Permitting a pretrial appeal by the People while the guilt of the defendant remained at issue would significantly delay the proceedings and impact the defendant's right to a speedy trial. The Legislature has permitted such pretrial appeals by the People of charges that have not been dismissed or set aside only in very limited circumstances." (*Williams, supra,* 35 Cal.4th at p. 833.) This case does not fall within the limited circumstances identified by the Legislature. We disapprove *People v. Superior Court (Mitchell), supra,* 94 Cal.App.5th 595, to the extent it is inconsistent with this opinion.[5]

---

merely determined the offense must be prosecuted as a misdemeanor. It is not equivalent to a dismissal. (*Williams, supra,* 35 Cal.4th at p. 830.)

[5] The district attorney does not raise the argument — rejected in *Bartholomew, supra,* 85 Cal.App.5th at pages 778 through 779 — that the order is appealable under section 1238, subdivision (a)(6) as "[a]n order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense." As noted, no "verdict" or "finding" had been made in Mitchell's case.

## C. Writ Review Under Code of Civil Procedure Section 1085

Although we conclude the People have no right to appeal, that conclusion does not necessarily foreclose all review of pretrial orders declaring wobbler offenses charged as felonies to be misdemeanors. Code of Civil Procedure section 1085 allows the People to seek writ review under appropriate circumstances. (*People v. Superior Court* (*Howard*) (1968) 69 Cal.2d 491, 497 (*Howard*); see *Edmonds, supra,* 4 Cal.3d at p. 608.) These circumstances are ordinarily quite limited, but where the People may not appeal, writ review is available "when a trial court has acted in excess of its jurisdiction and the need for such review outweighs the risk of harassment of the accused." (*Stanley, supra,* 24 Cal.3d at p. 626.) We hold that a trial court's unauthorized order reducing a wobbler offense charged as a felony to a misdemeanor is an act in excess of jurisdiction, and it is therefore reviewable by writ when the balance of interests supports the intervention of a higher court.

"[A]s a general rule the People may not seek an extraordinary writ when there is no right to appeal." (*Williams, supra,* 35 Cal.4th at pp. 833–834.) "The restriction on the People's right to appeal is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on review of trial court determinations in criminal trials." (*Howard, supra,* 69 Cal.2d at p. 498; see *Williams,* at p. 823 [recognizing that " 'the People may thereby suffer a wrong without a remedy' "].)

Thus, "Mandate is not available to the prosecution for review of 'ordinary judicial error' [citation] or even 'egregiously erroneous' orders [citations] when the order or ruling 'on its face is a timely exercise of a well-established statutory power of trial

courts . . . from which no appeal is provided in section 1238.' [Citation.] Were the rule otherwise, ' "the People [would have] the very appeal which the Legislature has denied to them." ' " (*Stanley*, *supra*, 24 Cal.3d at p. 626.)

However, where a trial court acts "in excess of its jurisdiction," a writ of mandate may be available. (*Stanley*, *supra*, 24 Cal.3d at p. 626.) For example, in *Edmonds*, this court granted writ relief where the trial court "had no jurisdiction to entertain" a renewed motion to suppress under section 1538.5. (*Edmonds*, *supra*, 4 Cal.3d at p. 606.) Under that statute, "[a] defendant is permitted to renew, at a special hearing in the superior court held *prior* to trial, a motion to suppress which was previously denied at the preliminary hearing. However, no provision is made for renewing a motion to suppress at trial." (*Id.* at p. 609.) Because the statute limited renewed motions to pretrial proceedings, and in fact the superior court had already denied one such renewed motion, "the superior court had no jurisdiction or discretion to entertain" a second renewed motion at trial. (*Id.* at p. 611.) The superior court "exceeded its jurisdiction in granting the motion." (*Ibid.*) Moreover, because the underlying bench trial had concluded, and the trial court had granted the motion to suppress prior to entering judgment, there was "no danger of further trial or retrial" and the matter could be "remanded to the trial court for judgment." (*Id.* at p. 609.)

Here, as discussed, section 17, subdivision (b) did not authorize the trial court to declare the felony wobbler to be a misdemeanor prior to trial and after the preliminary hearing. (See *Alvarez*, *supra*, 14 Cal.4th at p. 973, fn. 2 ["No provision of section 17, subdivision (b), authorizes the superior court judge to [declare a wobbler to be a misdemeanor] prior to judgment or

a grant of probation"]; *Jalalipour, supra,* 232 Cal.App.4th at p. 1205; *Silva, supra,* 36 Cal.App.4th at p. 233.)  The statute specifies the circumstances in which a trial court may declare a felony wobbler to be a misdemeanor, and those circumstances do not apply here.  Just as the trial court in *Edmonds* exceeded its jurisdiction when it granted an unauthorized motion to suppress at trial, the trial court here likewise exceeded its jurisdiction when it granted its own unauthorized motion to declare the charged felony to be a misdemeanor.  (See *People v. Superior Court* (*Mitchell*) (2010) 184 Cal.App.4th 451, 458 [an "act that exceeds a grant of statutory power" is an act in excess of jurisdiction].)

Resisting this conclusion, Mitchell relies on *People v. Municipal Court* (*Kong*) (1981) 122 Cal.App.3d 176 (*Kong*). *Kong*, however, supports the possibility of writ review under the circumstances here.  *Kong* reviewed *Edmonds* and correctly summarized its principles:  "The [*Edmonds*] court held that though no specific statutory authority existed for mandate to issue on behalf of the People to set aside a suppression order made *during* trial, nevertheless, under general principles of law, if the trial court had no *jurisdiction* to entertain the renewed suppression motion at trial, the People would be entitled to mandate." (*Id.* at p. 182.)  "The [*Edmonds*] court concluded that the trial court could not entertain a renewed motion to suppress made during trial.  Therefore, the trial court had no jurisdiction of the subject matter, i.e., the renewed motion to suppress." (*Id.* at p. 183.)

*Kong* was presented with a situation, however, where the trial court *did* have jurisdiction to make the challenged order. Although the People argued otherwise, *Kong* held that a defendant who requests a postindictment preliminary hearing

enjoys all of the normal protections of a preliminary hearing. (*Kong, supra,* 122 Cal.App.3d at p. 185.) These protections include the magistrate's discretion under section 17, subdivision (b)(5) to declare wobbler offenses charged as felonies to be misdemeanors. (*Kong,* at p. 186.) *Kong* therefore determined that the magistrate's order under that statute was authorized and was not in excess of jurisdiction. (*Id.* at pp. 180, 187.) Here, by contrast, the trial court's order was not authorized by statute. The court lacked jurisdiction to enter the challenged order.[6]

Thus, writ review is available to challenge an unauthorized order reducing a wobbler offense charged as a felony to a misdemeanor where the need for review "outweighs the risk of harassment of the accused." (*Stanley, supra,* 24 Cal.3d at p. 626.) The Court of Appeal below believed that "there is no reason why the proceedings should be allowed to continue as a misdemeanor prosecution when the superior court clearly did not have the authority to reduce the felony wobbler to a misdemeanor. The continuation of the misdemeanor prosecution would result in 'a waste of ever-more-scarce judicial resources.'" (*Mitchell, supra,* 94 Cal.App.5th at p. 606.) Another court has observed, "Whether a defendant must plead guilty to a charged felony, as opposed to a misdemeanor, can have significant collateral consequences." (*Jalalipour, supra,* 232 Cal.App.4th at p. 1208.) An unauthorized wobbler reduction order may upset the Legislature's "clear . . . intent to

---

[6] We need not consider whether *Kong* was correct that the *authorized* order there was not reviewable by writ. As in *Williams,* we express no view on the issue. (See *Williams, supra,* 35 Cal.4th at pp. 833–834.)

treat a wobbler as a felony for specified purposes notwithstanding a court's exercise of discretion to reduce the offense to a misdemeanor." (*Park*, *supra*, 56 Cal.4th at p. 794.)

Such an order also risks impinging on the prosecutor's established constitutional and institutional role prior to trial. Where "the magistrate finds the People have appropriately charged the defendant with a felony, the defendant is held to answer for the felony charge. [Citation.] Thereafter, only the prosecution may reduce the charge, because the executive alone is entrusted with '[t]he charging function' and has the sole 'prerogative to conduct plea negotiations.'" (*Jalalipour*, *supra*, 232 Cal.App.4th at pp. 1208–1209; see *People v. Clancey* (2013) 56 Cal.4th 562, 574.) This risk is illustrated by the possibility that a trial court's unauthorized order would allow a defendant to access pretrial misdemeanor diversion and avoid trial or, as here, access a local veterans court program open only to misdemeanor defendants. (See *Davis v. Municipal Court* (1988) 46 Cal.3d 64, 77.)

On the other hand, writ review necessarily requires time, which may be significant in some cases, especially for a defendant who remains in custody pending trial. It also demands an expenditure of resources by the parties and the reviewing court. In some cases, circumstances may exist that would preclude writ review. For example, if a defendant has already been tried on misdemeanor charges, the danger of a further trial or retrial would weigh heavily against writ review. (See *Edmonds*, *supra*, 4 Cal.3d at p. 608 [writ review "should be denied where there exists a danger of further trial or retrial"].)

As noted above, given the unusual procedural circumstances of this case, we decline to consider whether the

Court of Appeal reasonably weighed these factors. (See Cal. Rules of Court, rule 8.516(b)(3) ["The court need not decide every issue the parties raise or the court specifies"].) It is sufficient for present purposes to hold that the trial court's unauthorized order here was an act in excess of jurisdiction. The decision whether to allow writ review in any specific case lies within the discretion of the court considering the People's petition for writ relief.

### D. Subsequent Proceedings in the Trial Court

As noted, shortly after we granted review, the district attorney moved to dismiss review because, in his view, subsequent proceedings in the trial court had rendered this matter moot. We denied the district attorney's motion but requested further briefing to address whether the Court of Appeal's temporary stay remained in force and, if so, whether it had any effect on those subsequent proceedings.

In his briefing, the district attorney no longer contends the matter is moot. Instead, he agrees with Mitchell that, unless the Court of Appeal directs otherwise, a temporary stay continues in effect until the opinion is final and the Court of Appeal has issued its remittitur. The temporary stay was therefore in effect when the trial court recommenced the proceedings below at the request of the prosecution. The parties further agree that, in light of the temporary stay, the trial court lacked jurisdiction to conduct those proceedings and they are void. We agree as well.

Except in very rare cases, neither the filing of a petition for writ of mandate nor the issuance of an order to show cause stays the challenged order or further proceedings in the trial court. (*Paul Blanco's Good Car Co. Auto Group v. Superior*

*Court* (2020) 56 Cal.App.5th 86, 97–98.) "If an *appeal* from the court's order is perfected, by statute the trial court generally loses subject matter jurisdiction over any matter affected by the appeal. [Citations.] This automatic stay provision does not, however, apply to writ proceedings. [Citation.] Statutes governing petitions for writs of mandate contain no analogous automatic stay provision." (*Ibid.*) Likewise, an alternative writ of mandate does not stay any proceedings, since it orders the trial court "to do the act required to be performed, *or* to show cause before the court at a time and place then or thereafter specified by court order why [it] has not done so." (Code Civ. Proc., § 1087, italics added; see *Paul Blanco's*, at p. 98.)[7]

Notwithstanding the lack of an automatic stay, the Court of Appeal may order a temporary stay of proceedings in the trial court, either in whole or in part, upon the filing of a writ petition. "[I]n many cases, the petitioner will want to seek a stay of the trial court ruling, and perhaps other trial court proceedings, pending the appellate court's disposition of the writ petition. A stay will forestall compliance with the trial court ruling and may halt other trial court proceedings while the challenged ruling is before the appellate court." (Cal. Civil Writ Practice

---

[7] An alternative writ of *prohibition*, by contrast, explicitly stays further proceedings to the extent specified in the writ. "The alternative writ must command the party to whom it is directed to desist or refrain from further proceedings in the action or matter specified therein, until the further order of the court from which it is issued, *and* to show cause before such court at a time and place then or thereafter specified by court order why such party should not be absolutely restrained from any further proceedings in such action or matter." (Code Civ. Proc., § 1104, italics added.)

(Cont.Ed.Bar. 4th ed. 2023) § 19.2; see Cal. Rules of Court, rule 8.486(a)(7) [procedural requirements].)

The temporary stay remains in effect according to its terms or until further order of the Court of Appeal. In some cases, where the proceedings result in an opinion, the Court of Appeal will discuss the expiration of the stay in its disposition. (See, e.g., *Claypool v. Superior Court* (2022) 85 Cal.App.5th 1092, 1100 [stay "is vacated upon finality of this opinion"]; *People v. Superior Court* (*Valenzuela*) (2021) 73 Cal.App.5th 485, 504 [stay "is dissolved upon the issuance of the remittitur"]; *A.M. v. Superior Court* (2021) 63 Cal.App.5th 343, 355 [stay "vacated upon finality of the opinion as to this court"].) In other cases, such as this matter, the Court of Appeal's opinion will not address the stay.

Where the Court of Appeal's opinion is silent regarding the stay, and no other order directs its dissolution, the stay remains in effect until the proceedings in the Court of Appeal have concluded, i.e., until the opinion is final and the Court of Appeal issues its remittitur. The opinion announces the Court of Appeal's decision, but it does not itself direct the trial court to do anything. The opinion is "not the writ itself," and it has "no effect" until it becomes final as to the Court of Appeal and this court. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 34.) "[I]t is only when the decision becomes final as to both the Court of Appeal and this court that the peremptory writ actually issues." (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 181, italics omitted.) The trial court receives notice of the requisite finality through the Court of Appeal's issuance of the remittitur. (See Advisory Com. com., Cal. Rules of Court, rule 8.490(d) ["Under this rule, a remittitur serves as notice that the writ proceedings have concluded"].) It is therefore finality

and the issuance of the remittitur that constitutes the conclusion of the proceedings in the Court of Appeal and the expiration of the temporary stay.

Similar to the temporary stay here, Code of Civil Procedure section 916 provides for an *automatic* stay, where applicable, of trial court proceedings in a civil appeal. Although described as a stay, the automatic stay has far-reaching effects. Under the statute, " 'the trial court is divested of' subject matter jurisdiction over any matter embraced in or affected by the appeal during the pendency of that appeal. [Citation.] 'The effect of the appeal is to remove the subject matter of the order from the jurisdiction of the lower court . . . .' [Citation.] Thus, 'that court is without power to proceed further as to any matter embraced therein until the appeal is determined.' " (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196–197, fn. omitted (*Varian Medical*).) "In order to preserve the status quo and return the parties to 'the same condition they were before the order was made' [citation], [the statute] necessarily renders any subsequent trial court proceedings on matters 'embraced' in or 'affected' by the appeal void — and not merely voidable [citation]. A contrary conclusion would allow the trial court to render an appeal futile." (*Id.* at p. 198.)

Similar principles apply in many criminal appeals.[8] (See *People v. Murphy* (1969) 70 Cal.2d 109, 116.) In general,

___

[8] The notable exception is, of course, the absence of any automatic stay of the execution of an order of probation or criminal judgment, other than in cases where a sentence of death has been imposed. Section 1243 provides, "An appeal to the Supreme Court or to a court of appeal from a judgment of conviction stays the execution of the judgment in all cases where

"an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court." (*Anderson v. Superior Court* (1967) 66 Cal.2d 863, 865; see *People v. Cunningham* (2001) 25 Cal.4th 926, 1044; see also *Varian Medical, supra,* 35 Cal.4th at pp. 197–198 & fn. 9 [relying on criminal opinions to interpret the civil automatic stay].) "Until the remittitur issues, the lower court lacks jurisdiction over the *subject matter* of the order or judgment on appeal. [Citation.] Thus, any order the lower court makes affecting an order or judgment on appeal is null and void if made before the remittitur issues." (*People v. Burhop* (2021) 65 Cal.App.5th 808, 813 (*Burhop*).) It makes no difference if the lower court purports to act in accordance with the appellate court's direction, e.g., the disposition of a filed opinion. Such an act exceeds the trial court's jurisdiction. " 'Until remittitur issues, the lower court cannot act upon the reviewing court's decision; remittitur ensures in part that only one court has jurisdiction over the case at any one time.' " (*People v. Saunoa* (2006) 139 Cal.App.4th 870, 872 (*Saunoa*).) Thus, even where an appellate opinion requires a retrial, "the trial court's failure to wait for remittitur before conducting the retrial renders all proceedings conducted prior to retrial, and their results, null and void." (*Ibid*.; accord, *People v. Sonoqui* (1934) 1 Cal.2d 364, 365–366 (*Sonoqui*).)

---

a sentence of death has been imposed, but does not stay the execution of the judgment or order granting probation in any other case unless the trial or appellate court shall so order." Similarly, section 1242 provides, "An appeal taken by the people in no case stays or affects the operation of a judgment in favor of the defendant, until judgment is reversed."

A temporary stay of all proceedings operates similarly to deprive a trial court of jurisdiction. (See *Tamborino v. Superior Court* (1986) 41 Cal.3d 919, 921, fn. 1.) The temporary stay — like the automatic stay — is intended to preserve the status quo. It ensures that the writ proceedings are not futile, and that any relief granted by the appellate court is not frustrated by the actions of a lower court. It preserves the jurisdiction of the appellate court and displaces any conflicting jurisdiction of the lower court. Even where a trial court acts in accordance with the disposition of a filed opinion, the temporary stay preserves the authority of the Court of Appeal (and this court) to revisit any such disposition prior to finality. Moreover, the issuance of a temporary stay reflects the appellate court's determination that such a step is warranted in the specific case at hand. Thus, even more than an automatic stay, a temporary stay issued in a specific case reflects its considered necessity. It should not be given lesser effect.

The Court of Appeal here issued a temporary stay of all proceedings in the trial court. Because the Court of Appeal's opinion was never final, its temporary stay never expired. The trial court therefore violated the stay when it acceded to the prosecution's request to resume the criminal proceedings against Mitchell. We therefore agree with the parties that the trial court lacked jurisdiction to proceed, and its subsequent actions are null and void. (See *Sonoqui, supra,* 1 Cal.2d at pp. 365–366; *Burhop, supra,* 65 Cal.App.5th at p. 813; *Saunoa, supra,* 139 Cal.App.4th at p. 872.) The proceedings remain at the point when the Court of Appeal issued its temporary stay, and this matter is not moot.

Because we hold that the trial court's order was potentially subject to review as an order in excess of jurisdiction,

but we decline to consider whether the Court of Appeal reasonably granted writ relief in light of the unusual circumstances here, the proper disposition is to affirm the judgment of the Court of Appeal. When the Court of Appeal's opinion is final, and it issues its remittitur, the temporary stay will expire and the criminal proceedings against Mitchell may resume in the trial court.

Finally, we note that the district attorney recognized in his briefing that Mitchell's criminal prosecution "is now going on its seventh year." The district attorney writes that he "would be open to this Court's order, in the furtherance of justice and in the interests of fairness, barring future litigation of the charges against [Mitchell] contained in the March 2018 complaint." Mitchell "joins in inviting this Court to exercise its discretion and dismiss the case under section 1385." Beyond this bare reference to section 1385, however, the parties have not demonstrated that the statute empowers this court to order dismissal in this context. The statute refers to the power of a "judge or magistrate" to "order an action to be dismissed." (§ 1385, subd. (a).) Its application in the appellate context is not apparent. (See *Wheeler v. Appellate Division* (2024) 15 Cal.5th 1193, 1205 [statute authorizes a "trial judge" to dismiss an action].) Thus, while dismissal would appear to serve the interests of justice in light of the district attorney's position, the history of this matter, and the disposition already accepted by the parties, the district attorney's suggestion should be presented to the trial court in the first instance.

## III. CONCLUSION

We affirm the judgment of the Court of Appeal.

**GUERRERO, C. J.**

**We Concur:**

**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**
**GROBAN, J.**
**JENKINS, J.**
**EVANS, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. Superior Court (Mitchell)

---

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 94 Cal.App.5th 595
**Review Granted (unpublished)**
**Rehearing Granted**

---

**Opinion No.** S281950
**Date Filed:** December 12, 2024

---

**Court:** Superior
**County:** Ventura
**Judge:** David R. Worley

---

**Counsel:**

Erik Nasarenko, District Attorney, and Miriam R. Arichea, Deputy District Attorney, for Petitioners.

No appearance for Respondent.

Claudia Y. Bautista, Public Defender, and William M. Quest, Deputy Public Defender, for Real Party in Interest.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Miriam R. Arichea
Deputy District Attorney
800 South Victoria Avenue, Suite 314
Ventura, CA 93009
(805) 654-3035

William M. Quest
Deputy Public Defender
789 South Victoria Avenue, Suite 307
Ventura, CA 93003
(805) 654-3032